(Decided June 1st, 1864.)

DAVID HEFFNER *vs.* THOMAS T. LYNCH.

JUDGMENT BY DEFAULT: JURISDICTION: THE ACT OF 1794, CH. 46, providing a more convenient method of taking inquisitions, assumes and proceeds on the theory, that all interlocutory judgments, where inquisitions are required to give them effect, establish the plaintiff's right to recover, without regard to the amount which the jury may subsequently ascertain to be due.

The failure of the defendant to plead, is an admission of the jurisdictional facts stated in the declaration, as well as a concession of the jurisdiction of the Court to enter a final judgment for the amount ascertained to be due by the jury; and he is not at liberty to draw the jurisdiction of the Court into question by any subsequent proceeding.

APPEAL from the Circuit Court for Washington County :

This was an action of *assumpsit* brought by the appellant against the appellee, on the 11th of June 1860.

The facts of the case are sufficiently stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*R. H. Alvey,* for the appellant :

The judgment in this case was interlocutory in its character, and such "whereby the right of the plaintiff was established, but the damages sustained by him" could not be ascertained without the intervention of a jury. Act of 1794, ch. 46, sec. 2.

By the failure to plead, and permitting the judgment to be entered by default, the defendant admitted the jurisdiction of the Court, and the propriety of rendering the judgment against him; and having once conceded the jurisdiction, submitted himself to it, and by his own conduct induced its exercise, he will not be permitted to gainsay or deny it.

By suffering the judgment to be entered, the defendant admitted all the facts stated in the declaration; and if the declaration states a good case for the exercise of jurisdiction, the defendant is precluded from questioning its existence and exercise in the premises. *Evans' Prac.,* secs. 337, 338.

"A judgment by default, if regularly entered," (and there is no question as to the regularity of the judgment entered in this case,) "is as binding as any other, as far as respects the power and jurisdiction of the Court, in declaring that the plaintiff is entitled to recover; though the amount of the recovery, in some cases, remains to be as-

certained by a jury." *Green vs. Hamilton*, 16 *Md. Rep.*, 317. *Mailhouse vs. Inloes*, 18 *Md. Rep.*, 328.

Though the Court in entering the original judgment, determined and .declared that the plaintiff was entitled to recover in the action, yet, by entertaining and sustaining the motion that was made to *non pros.*, it reversed and annulled its former adjudication in the premises; and in so doing the appellant contends it committed error. *Smith vs. Kernochen*, 7 *How.*, 198.

*A. K. Syester*, for the appellee :

The general principle is, "in cases of contract, the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction." *O'Riley vs. Murdock*, 1 *Gill*, 33. *Carter vs. Tuck*, 3 *Gill*, 251. *Ott vs. Dill*, 7 *Md. Rep.*, 251. Hence, although the *nar.* "put in demand" a sum within the jurisdiction of the Circuit Court, that will furnish no ground of jurisdiction for a final judgment; that question can only be tested by the sum recovered. Until the "sum recovered" was ascertained by the verdict of a jury, no question of jurisdiction could have been raised, even though the defendant had been in Court, because that could only have been brought to the notice of the Court by a demurrer, or plea to the jurisdiction. And on a demurrer the Court cannot go beyond the *nar.* to try the question. *Tomilson vs. McKaig*, 5 *Gill*, 257, 276.

A plea to the jurisdiction must state in what particular the jurisdiction fails, and assert the proper tribunal before which the jurisdiction exists. And in determining such a plea, the Court cannot try the *quantum.* *Oulton vs. Perry*, 3 *Burrows*, 1592. *Chit. Plea.*, 84.

The plaintiff is bound to know the general law of the land. He must know on what account he contracted, and how much is due him, and his attempt to invest the Circuit Court with jurisdiction, in a case where he is presumed to have known otherwise, ought to be discouraged.

A plea to the jurisdiction in such a case as this is unnecessary; the defect can be raised at any time before final judgment, either before the jury on the general issue,— *Parker vs. Elding*, 1 *East.*, 353, *Chit. Pl.*, 381,—or on motion to *non pros.*, after verdict. 1 Md. Code, Art. 29, sec. 44, and Art. 78, sec. 16, Act of 1852, ch. 239.

COCHRAN, J., delivered the opinion of this Court:

In this case a judgment was entered against the appellee in default of a plea. At the next succeeding term an inquisition was had, and the amount of the appellant's damages ascertained to be $33.32, upon which the appellee moved for a *non pros.*, on the ground that the Court had no jurisdiction to enter a final judgment for the amount found to be due, which was granted. The case shown by the record therefore presents the single question, whether the judgment by default was so far final as to conclude the appellee of the right to deny the jurisdiction of the Court, after the inquisition of the jury.

It was formerly held that a defendant in default was out of Court for all purposes, but that of entering the final judgment; and in a case where the question of jurisdiction was raised after an inquisition upon a default, precisely as it was raised here, it was held that the defendant could not even enter a suggestion on the roll from which the want of jurisdiction would appear. *Brampton vs. Crabb*, 1 *Strange*, 46. 2 *Sellon's Prac.*, 345. Nor could a judgment, objectionable on the ground of irregularity, be set aside "after the defendant had attended and cross-examined the witnesses on the execution of a writ of inquiry." 1 *Tidd*, 614. 4 *Taunt.*, 544. These rules may have been relaxed in some respects, but our Act of 1794, ch. 46, providing a more convenient method of taking inquisitions, assumes and proceeds on the theory, that all interlocutory judgments, where inquisitions are required to give them effect, establish the plaintiff's right to recover, without regard to the amount which the jury may subsequently

ascertain to be due. And in *Green vs. Hamilton*, 16 *Md. Rep.*, 317, it was expressly decided, that "a judgment by default, if regularly entered, is as binding as any other, as far as respects the power and jurisdiction of the Court in declaring that the plaintiff is entitled to recover."

Applying the principles recognized by these authorities to the present case, we are bound to hold that the failure of the appellee to plead, was an admission of the jurisdictional facts stated in the declaration, as well as a concession of the jurisdiction of the Court to enter a final judgment for the amount that was ascertained to be due by the inquisition; and that he was not at liberty to draw the jurisdiction of the Court into question by any subsequent proceeding. We shall therefore reverse the judgment of the Court upon the appellee's motion, and direct a judgment to be entered for the appellant for the amount of his damages and costs, as ascertained by the jury.

*Judgment reversed.*

(Decided June 1st, 1864.)