# WILLIAM LAUBHEIMER *vs.* HENRY A. JOHNSON.

*No Appeal From Order Striking Out Judgment Under Practice Act Within 30 Days After Rendition.*

The plaintiff, in an action brought under the Practice Act of Baltimore City, having neglected to reply to the defendant's pleas for nearly a year, the defendant moved for a judgment of *non pros* for want of a replication and the judgment was accordingly entered. Plaintiff moved to strike out this judgment and to reinstate the cause, assigning certain reasons therefor. An order was passed in the same month striking out the judgment of *non pros* and from this the defendant appealed. The Practice Act of 1886, ch. 184, provided that the Courts should have for the period of thirty days the same revisory power over any act or thing done in any cause under the statute as they would have over the same thing during the term of Court at which done under the former practice. *Held,* that since the Courts had a discretionary power to strike out judgments during the term at which they were entered no appeal lies from the order passed in this case.

Appeal from the Superior Court of Baltimore City (WRIGHT, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Thos. R. Clendinen* (with whom was *John W. H. Fry* on the brief), for the appellant.

*Wm. Reynolds*, for the appellee, submitted the cause on his brief.

JONES, J. delivered the opinion of the Court.

In this case an action of *assumpsit* was brought in the Court below by the appellees against the appellant which was commenced on the 6th day of September, 1902. On the 3rd of October following the defendant (appellant here) pleaded to the action the general issue pleas and set-off and rule replication was laid. On the same day the plaintiff filed a demand for a bill of particulars of the defendant's plea of set-off to which the defendant responded on the 17th of October, 1902, by filing the particulars. Nothing further intervened in the proceedings until the 11th of September, 1903, when the defendant moved for judgment of *non pros* for the want of a replication. Upon this motion the Court ordered judgment entered as prayed, giving judgment for the defendant for costs. On the 14th of September—three days after the entry of the judgment of *non pros*—the plaintiffs (appellees here) moved to strike out the judgment of *non pros* and to reinstate the case assigning as grounds for the motion that the judgment had been irregularly entered in "not having been taken when the case was called either upon preliminary call or upon peremptory call, or after notice thereof to the plaintiff;" and that the plaintiff had "a good and valid defense" to the plea of set-off "and failed to file a replication thereto through the inadvertence and oversight of his attorney," and alleged that if the judgment were "stricken out and the case reinstated upon the docket the defendant would be in every respect in the same

position as if the replication to said plea had been filed before the rule day therefor.'' This motion the Court granted by striking out the judgment of *non pros* and ordering the case to be reinstated on the docket.

This action of the Court was on the 26th of September, 1903, and on the same day the defendant filed an order of appeal from the "order striking out judgment of *non pros.*" The action was brought under the provisions of the Act of Assembly of 1886, ch. 184, commonly known as the Rule Day Act in which it is provided that "any action taken or order passed by any" of the Courts named therein "in relation to any judgment redered by it, if taken or passed within thirty days after the entry of such judgment or upon a motion or application made to it within said thirty days, shall have the same effect and force as it would have had under the practice heretofore existing in said Court, if taken or passed during the term, or upon a motion or application made during the term at which said judgment was entered and no more ;" and is further provided that "the said Courts shall respectively have for a period of thirty days after the doing of any act or thing in any cause before them, the same revisory power and control over such act or thing which, under the practice heretofore existing, they would have had over the same during the term at which it was done and no more.

As the action of the Court below, which is brought up for review in this appeal, was taken within thirty days from the entry of the judgment which was stricken out, in disposing of the questions which the appeal presents we are, by force of the provisions of the Act of 1886, ch. 184, which have been quoted, to apply the same rules and principles of practice in the case at bar as if it were a case arising under the law as it stood prior to said Act of 1886 in which the judgment was stricken out during the term at which it was rendered. *Preston* v. *McCann*, 77 Md. 30.

A motion has been made to dismiss the appeal and under the authority of the case just cited the motion must prevail. In that case it was said "it is an undoubted general principle,

settled by many cases in this Court, that a judgment is subject to the control of the Court until the lapse of the term at which it was rendered ; and it is also settled, that from an order striking out such judgment, passed upon a motion made during the same term at which the judgment was rendered, no appeal lies, because the matter rests in the discretion of the Court." It is entirely unnecessary to multiply authorities in support of a principle so well recognized, and which has been so frequently enforced in the practice of our Courts as the one just stated. Nothing appears in the facts of this case to exempt it from the operation of this rule of practice. In making the motion to strike out the judgment here the appellees accompanied the same with reasons and grounds therefor which the Court, in the exercise of its discretion, must have deemed sufficient to justify its action. The facts of the case which have been recited show the appeal was taken from this exercise of discretion. According to the principle stated it, therefore, does not lie and must be dismisssed.

> *Appeal dismissed with costs to the appellees.*

(Decided February 19th, 1904.)