## ERNEST SHARP *vs.* JAMES W. BATES.

*Offer Under Seal of a Promise for an Act——Acceptance—Acknowledgment of Indebtedness Under Seal—Agreement Between Endorsers as to Payment of Note—No Appeal from Judgment by Default.*

When there is an offer under seal of a promise for an act, the contract is completed by the doing of the act, and it is not necessary that there should also be an acceptance under seal.

Any instrument under seal whereby a debt is acknowledged to be owing obligates the party to pay.

Four of the five endorsers of a promissory note signed and delivered an instrument under seal by which they requested the fifth endorser—the plaintiff—to pay the note at maturity, and agreed to refund the amount thereof in certain designated proportions within thirty days after such payment, and further agreed to pay *pro rata* within ten days additional the share of anyone of the obligors who should fail to pay his proportion. Plaintiff paid the note at maturity and brought this action against one of the obligors to recover the amount due him, thirty days after the payment and before the expiration of the additional ten days. *Held*, that upon the payment of the note by the plaintiff a binding contract was made by the offer under seal, and no other acceptance of it by the plaintiff was necessary, and the action is properly brought on the contract under seal.

*Held*, further, that the action is not prematurely brought, since thirty days had elapsed after the payment of the note, and the action is not to recover the proportion owing by the defendant on the share of a delinquent obligor, but only for the specific sum he agreed originally to pay.

A judgment by default is interlocutory and only establishes the right of the plaintiff to recover a sum yet to be ascertained. No appeal lies from such a judgment. In this case, where the appeal was from a judgment by default, but the whole case was argued, the Court determined the merits of the case before passing an order of dismissal.

Appeal from the Baltimore City Court (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER, JONES and BURKE JJ.

*Arthur L. Jackson*, for the appellant.

*John Hinkley*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

The appeal in this case must be dismissed because no final judgment has been entered; but inasmuch as the record can again be brought here after the rendition of such a judgment if the merits of the controversy are not now disposed of, we will consider and determine the merits before passing an order of dismissal.

On December 9th, 1904, an action of debt was brought by the appellee against the appellant in the Baltimore City Court on a certain writing obligatory which was filed with the declaration. It appears from the declaration and the papers forming part of it, that the Maryland Stamping Company was indebted to the Second National Bank of Baltimore on a promissory note for eleven hundred dollars falling due November second, 1904, and that the appellant, the appellee and three other persons were endorsers on that note. It further appears that on October 29th of the same year, the appellant and three other endorsers of the note just mentioned wrote to the appellee and signed and sealed the following instrument which is the cause of action in the pending controversy, viz.:

October 29th, 1904.

"Mr. James W. Bates,

"The note of the Maryland Stamping Company for $1,100 held by the Second National Bank will fall due on November 2nd, 1904.

"We request you as one of the endorsers to pay the said note at maturity, hereby waiving protest, and agree to refund the said amount to you in accordance with agreement of January 2nd, 1904, in the proportion of our holdings of stock as shown by the following table:

| | Stock | Per ct. | 2nd Natl. Bank |
|---|---|---|---|
| James W. Bates | $ 5,000.00 | 12.00 | $ 133.10 |
| Abraham Sharp | 1,500.00 | 3.63 | 39.93 |
| Ernest Sharp | 7,925.00 | 19.18 | 210.98 |
| John R. Korb | 21,900.00 | 52.99 | 582.89 |
| John B. Stansbury | 5,000.00 | 12.00 | 133.10 |
| | $41,325.00 | 100.00 | $1,100.00 |

"We severally agree to pay you the amounts of our respective shares, as above within 30 days from November 2nd, 1904, with interest from that date.

"Should any endorser fail to pay his share within said period of 30 days the share of the one so failing to pay is to be prorated among the solvent endorsers, each contributing with you a proportionately increased share, and such increase to be paid within ten days after the expiration of said thirty days.

John Korb,       (Seal.)

John B. Stansbury, (Seal.)

Abraham Sharp,    (Seal.)

Ernest Sharp,     (Seal.)"

It further appears that the appellee, to whom the above paper was addressed, paid to the Second National Bank the eleven hundred dollar note upon its maturity as he had been requested by the other endorsers to do. He now demands from the appellant the sum of two hundred and ten dollars and ninety-eight cents, being the amount which the latter agreed by the above quoted instrument to repay to the appellee.

To the declaration the appellant demurred; the demurrer was overruled and upon his declining to plead over, a judgment by default was entered against him, and thereupon he took this appeal though the judgment by default had not been extended in dollars and cents.

The grounds of demurrer are, first, that the writing obligatory referred to in the *narr.* and above transcribed, does not constitute a valid completed contract ; secondly, that the facts alleged in the declaration do not form, by operation of law, a valid contract by offer and acceptance ; and thirdly, that the suit was prematurely brought. We do not think any of these grounds can be maintained.

No precise form of words is necessary to create a bond or obligation ; and, therefore, any memorandum in writing under seal, whereby a *debt* is acknowledged to be owing, will obligate the party to pay ; for it is said that any words which prove a man to be a debtor, if they be under seal, will charge him with the payment of the money. *Cover* v. *Stem, Ex.*, 67 Md. 451, and cases there cited. The argument of the appellant, however, is, that the paper-writing though under seal is merely an *offer* to pay and therefore not an *obligation* to pay, and that it did not and could not become binding as a writing obligatory until accepted by the appellee by an instrument under seal. We do not so interpret it. The paper embodied the several and distinct obligation of each of the signatories to pay a definite and ascertained sum at a specified time upon the happening of a named condition. It therefore constituted a perfectly valid writing obligatory, and required no formal acceptance under seal on the part of the appellee to give it legal efficacy. By the proper construction of the paper it was to become binding on the parties to it when the appellee actually paid the eleven hundred dollar note to the bank. It was to be operative as soon as the contingency happened. By its express terms it was designed to be binding and in reality was binding, when that event did occur, and therefore nothing but the happening of the contingency was required to definitely fix the liability of the parties who signed it. An acceptance under the seal of the appellee would not have fastened any obligation on the appellant to pay the sum sued for in this action, because the promise to pay was not founded or made dependent on such an acceptance, but was based solely upon the condition that the appellee would satisfy the note at its maturity ; and the writing obligatory "would become operative as soon as that contingency happened, and not before.". *King* v. *Warfield*, 67 Md. 249. In the case of *Boyd and Ricketts* v. *Kienzle et al.*, 46 Md. 294, a bond signed by twelve persons bound them to pay the sum of twenty-five hundred dollars each, "making in all the sum of thirty thousand dollars," for the purchase of hops and malt which one Peter Schneider

might buy for the use of the Baltimore County Brewing, Malting and Distilling Company. No payee was named in the bond. The appellant furnished to the brewing company hops and malt and then sued all the makers of the bond jointly. It was not pretended that the bond was not valid, and the only question considered by the Court was whether the obligation was the *joint* or the *several* undertaking of the obligors whose seals were affixed thereto. The liability of the makers was contingent until some one actually sold to Schneider hops and malt for the brewery, and after such a sale had been made the liability of the obligors became fixed to the vendors to the extent of the several undertaking assumed by each one of the twelve persons who signed and sealed the paper.

It is wholly immaterial whether the facts set forth in the declaration now before us form by operation of law a valid contract by offer and acceptance, because the right of the appellee to recover in this action does not depend upon any contract evidenced in that way. His right of action is founded on the written paper which is complete in itself and which, as we have already observed, fixed by its own terms the liability of each signer as soon as the extrinsic event—the payment of the note—occurred. The money due on the eleven hundred dollar note was paid to the Second National Bank by the appellee and thirty days having expired after the date of that payment and before the suit was brought, the right of the appellee to recover cannot be questioned or disputed.

The second clause of the writing sued on covered the contingency of some of the endorsers failing to pay to the appellee their ratable proportions within thirty days after the second of November, 1904. If that event had happened, ten days additional time was given to the solvent endorsers to repay to the appellee their proportions of such delinquent's share. This suit, however, was not brought to recover any portion of such a share but only to compel the appellant to pay the specific sum he undertook primarily to pay. Thirty days elapsed between the second of November, the date upon which the appellee paid the eleven hundred dollar note to the Second

National Bank, and the ninth of December, when this suit was instituted ; and hence the suit was not prematurely brought.

No final judgment has been entered in this case. The judgment by default does no more than establish the right of the appellee—the plaintiff below—to recover something. The amount which he is entitled to recover remains yet to be ascertained. *Green* v. *Hamilton*, 16 Md. 317. The judgment by default is merely interlocutory and is not a lien until the amount is ascertained. *Davidson .v. Myers*, 24 Md. 538. No execution can be issued upon the judgment by default. It cannot be superseded, and it possesses none of the attributes or qualities of a final judgment. From such a judgment no appeal will lie. The motion to dismiss must, therefore, prevail and it is so ordered.

*Appeal dismissed with costs.*

(Decided December 6th, 1905.)