SHEEHI *v.* SAIA, ET AL.

[No. 256, September Term, 1967.]

*Decided May 30, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN and SINGLEY, JJ.

*John T. Bell,* with whom were *Charles W. Bell* and *Bell & Bell* on the brief, for appellant.

*Gordon G. Ovington,* with whom were *Ovington, Falcinelli & Ovington* on the brief, for appellees.

PER CURIAM.

On February 8, 1967, the Circuit Court for Montgomery County granted Saia, the appellee, a judgment by default in a case in assumpsit. On March 3, 1967, on proof of damages, judgment was extended for $7,359.52 (some $1,353.24 of which has since been paid).

On March 31, 1967, within thirty days of the proof of damages but some fifty days after the entry of the judgment by default, Sheehi, the appellant, moved to strike the judgment. Sheehi did not show fraud, mistake, surprise or irregularity in the obtention or entry of the judgment on February 8, 1967, alleging and proving only that he had "tendered the suit papers to an attorney [not his lawyer on appeal] for the purpose of contesting [the suit] * * *," and that after the lawyer had come back from a trip to Florida he, Sheehi, found out about the judgment and "called him up, and he informed me that he didn't know anything about it."

Judge Mathias refused to strike the judgment, saying:

200

"In this case more than 30 days had elapsed since the entry of the judgment by default. The Court no longer had any revisory power and control over the entry of the judgment by default unless it could be shown, alleged and shown, that there was fraud, mistake or irregularity.

"So, unless the Court should find that there was fraud, mistake or irregularity, which the Court cannot find, the Court cannot touch the judgment by default of February 8, 1967. * * *
* * *

"The Court cannot find any more in this case than a quarrel or a controversy over some money that was due. This should have been determined at a trial; and Mr. Sheehi, the defendant, had an opportunity—he admits he was served—he had an opportunity to come into court and present his defense. It is too late to present his defense now."

Judge Mathias' statement of the law and his action now complained of are fully supported by *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475. This case and the authorities therein cited are definitively determinative of the present case.

*Judgment affirmed, with costs.*