## MAGGIN *v*. STEVENS ET AL.

[No. 279, September Term, 1971.]

*Decided June 9, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and ROBERT E. CLAPP,

JR., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Kurt Berlin* for appellant.

*Sol M. Alpher,* with whom was *Maurice Friedman* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

This case involves a maze of procedural maneuvering so complex as to require our setting it out in considerable detail. The appellees, Mr. and Mrs. Eddie L. Stevens, instituted this action against the appellant, Irving Maggin, claiming damages for breach of contract relating to their purchase from Maggin of a lot upon which a house was to be built. This suit was filed in July 1970 and the summons, which was promptly served, directed the appellant to answer by 18 August of that year. It also warned: "If you fail to assert a defense within the time named, the plaintiff(s) may obtain judgment by default against you, which may be extended to final judgment upon proper proof of damages." Maggin ignored this admonition until 4 September 1970 when he requested by motion a time extension in which to file his initial pleading. Even though appellees did not object to a reasonable delay, Maggin failed to pursue this matter further by obtaining a court order granting the extension. The court record discloses no additional activity in the case until late November when the Stevenses filed a motion seeking a default judgment against the appellant. This was granted on 10 December 1970 by Chief Judge Shook. The case then remained dormant until 2 April 1971 when Mr. and Mrs. Stevens asked that a hearing be scheduled so they could present ex parte proof concerning damages. On 29 April 1971 Maggin finally awoke from his slumber and 254 days after his initial pleading was due, some 140 days after the default judgment had

been entered, he filed a motion to vacate the judgment. Chief Judge Shook reversed course and granted this motion on 14 May 1971, giving appellant leave to file "pleas or other defense." One week later appellees requested a reconsideration of the order vacating the judgment. This matter was reviewed by Judge Moore on 21 September 1971, at which time he reinstated the judgment by default.[1] He concluded that since thirty days had passed from 10 December 1970, the date the default judgment was entered, it had become enrolled and therefore under Maryland Rule 625, Chief Judge Shook could not subsequently vacate that judgment on 14 May 1971 as there was no showing that its entry was based on fraud, mistake or irregularity. Rule 625 provides:

> "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

This rule is applicable to all final judgments including judgments by default for want of a plea. *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 477, 240 A. 2d 239 (1968); *Armour Fert. Works v. Brown*, 185 Md. 273, 277, 44 A. 2d 753 (1945). The Stevenses argue here that a default judgment is interlocutory and therefore not subject to appeal until extended. However, in *Himes v. Day*, 254 Md. 197, 206, 254 A. 2d 181 (1969), where a default judgment had similarly not been extended, Judge Finan, speaking for the Court, unequivocally answered any possible question on this point by concluding that such a judgment was appealable when entered and need not have been extended prior to taking an appeal. He stated:

---

1. Chief Judge Shook retired from the court on 1 September 1971.

"[The] extension of the judgment was never intended to affect the finality of a judgment by default as to the question of the liability of the party against whom it is obtained. A reading of both *Berwyn Fuel Co.*, *supra*, and *Tasea Investment Corp.*, *supra*, leaves no doubt in the Court's mind but that a judgment by default is a final determination as to liability. See also *Abrams v. Gay Investment Co.*, 253 Md. 121, 251 A. 2d 876, *Sheehi v. Saia*, 250 Md. 198, 242 A. 2d 174 (1968)." [2]

See also *Associated Transport v. Bonoumo*, 191 Md. 442, 446, 62 A. 2d 281 (1948) ; *Eddy v. Summers*, 183 Md. 683, 39 A. 2d 812 (1944).

In *Himes* with a procedural question similar to the one here we also said:

"We think the issue in this case pertaining to the vacating of the default judgment is controlled by *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 240 A. 2d 239 (1968), wherein Horney, J. writing for the Court stated:

'As was pointed out in *Tasea Investment Corp. v. Dale*, 222 Md. 474, 160 A. 2d 920 (1960) and in *Murray v. Fishman Construction Co.*, 241 Md. 538, 217 A. 2d 357 (1966), the trial court, besides requiring the party, who moves to set aside an enrolled judgment, to prove that he is acting in good faith and with diligence and that he has a meritorious defense, should also require a showing of such facts and circumstances as will establish the fraud, mistake

---

2. The holding of this case apparently overrules a number of earlier decisions which held that a judgment by default was not final for appeal purposes if it was not extended. See *Sharp v. Bates*, 102 Md. 344, 349, 62 A. 747 (1905) ; *Davidson v. Myers*, 24 Md. 538, 554-55 (1866); *Heffner v. Lynch*, 21 Md. 552 (1864); *Green v. Hamilton*, 16 Md. 317 (1860) ; 2 Poe, *Practice*, § 372 (Tiffany's ed. 1925).

or irregularity allegedly used to obtain the judgment sought to be vacated.' "[3]

In the present case there is not only an insufficient allegation as to the existence of fraud, mistake or irregularity but more importantly there is no semblance of proof whatsoever that any of these factors influenced the entry of the 10 December judgment. Maggin states he was lulled into a false sense of security that a default judgment would not be taken against him. He claims his somnolence was caused by the following: he had filed a motion for an extension of time to plead; entered into good faith negotiations with counsel for the appellees regarding settlement of the dispute; his attorney and opposing counsel occupied offices on the same floor of a building, were friendly and frequently used each other's law library; and he was not informed that the Stevenses' attorney planned to seek a default judgment. He argues that appellees' actions were so deceitful that the default judgment can be set aside as being mistakenly entered under the provisions of Rule 625. We do not agree.

We first point out that there is no obligation to advise the opposition of an intention to obtain a judgment by default. See Rule 306 b; *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. at 479. And counsel is obliged to continually keep himself abreast of the docket entries. *Grantham v. Prince George's County*, 251 Md. 28, 246 A. 2d 548 (1968). Additionally, Maggin agrees he was urged by appellees' counsel on at least one occasion to file a responsive plea. Therefore, it is patently clear that the entry of judgment was not caused by fraud, mistake or irregularity practiced on the part of the Stevenses, their counsel or anyone else. It instead resulted because appellant initially chose to disregard the mandate of the summons and thereafter did not act with due diligence. Maggin's attorney is sadly mistaken if he presumes that his friendship with oppos-

---

3. In *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 240 A. 2d 239 (1968) there was no extension of the default judgment prior to appeal.

ing counsel should immunize him from having a default judgment entered against his client.

We have no hesitancy in concluding that the judgment here results from inattention to the requirements necessary to prevent its entry; it was certainly not procured by either fraud, mistake or irregularity. Since more than thirty days had elapsed from the entry, on 10 December 1970, of the judgment by default until a motion was filed to vacate that order, Chief Judge Shook was without power to set aside the judgment on 14 May 1971. Judge Moore was correct in reinstating the judgment by default.

> *Order of Court dated September 21, 1971 vacating the Order of May 14, 1971 and reinstating the Judgment by Default entered on December 10, 1970, affirmed.*
> *Case remanded for the extension of judgment.*
> *Costs to be paid by appellant.*