# J. C. PENNEY CO., INC. *v.* IVA LEOTA HARKER

[No. 62, September Term, 1974.]

*Decided October 16, 1974.*

The cause was argued before ORTH, C. J., and POWERS and GILBERT, JJ.

*William D. Appler*, with whom were *William N. Zifchak* and *Carr, Bonner, O'Connell, Kaplan & Thompson* on the brief, for appellant.

*John Barry Kelly, II*, with whom were *Donahue & Ehrmantraut* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

The question in this case is whether a trial judge has revisory power over a judgment for damages after a default judgment fixing liability [1] has become enrolled. The trial judge here believed that he did not have such power. We think he was wrong.

## I

On 30 October 1973 a judgment by default for want of a plea was entered in the Circuit Court for Montgomery County in favor of Iva Leota Harker in her action in tort to recover damages for personal injuries suffered by reason of the negligence of J. C. Penney Co., Inc. On 7 December, upon inquisition, the judgment was extended by the assessment of damages in the amount of $15,180.90 with interest and costs. Penney's motion to set aside the judgments, filed 12 December, was denied on 4 January 1974. Penney noted an appeal on 7 January.

It appears from the record that Penney was served

---

1. See *Peroti v. Williams*, 258 Md. 663, 669 and *Burns v. Goynes*, 15 Md. App. 293, 305, for a discussion of the distinction between "liability" and "negligence".

through its resident agent on 12 March 1973. The suit papers were sent to Penney's insurer, the Travelers Insurance Company, on 9 April. On 18 April Harker agreed to an extension of time to plead so that settlement negotiations could proceed. The negotiations were unsuccessful, and on 13 July Harker suggested that Travelers turn the matter over to its counsel for the filing of a plea. On 26 September Harker wrote Travelers that the filing of a motion for judgment by default was being considered. On 25 October, hearing nothing in the interim, Harker filed a motion for a default judgment for want of a plea and mailed a copy to Penney's resident agent. The copy of the motion was sent by the resident agent to Penney and by Penney to Travelers, reaching the office of its claims manager on 5 November. Judgment by default had been entered six days before, on 30 October. It seems that the claims manager, unaware of the entry of the default judgment, prepared to send the case to counsel for response to the motion, but by a clerical error, the letter of transmittal was placed in the claims manager's file and was not mailed. When it was discovered what had happened, more than 30 days from the entry of the default judgment had elapsed. The inquisition to assess damages was held on 7 December. Penney failed to appear. An assistant in the office of the Clerk of the Court made affidavit that she had sent a notice of the hearing on damages to the resident agent of Penney. An affidavit of Travelers' assistant claims manager, however, stated that he was unaware of such notice. Five days after the judgment for damages had been entered, Penney moved to set it aside, and the motion was denied on 4 January 1974 after a hearing.

II

An "Order for Appeal" was filed by Penney on 7 January 1974. It directed the Clerk to enter an appeal "from the Judgment in favor of plaintiff, against J. C. Penney Co., Inc., entered in this action on December 7, 1973; and from the Order of the Court on January 4, 1974, denying defendant's motion to set aside the judgment of December 7, 1973, and to grant a new trial on damages."

The appeal was timely with respect to both the judgment for damages entered on 7 December 1973 and the order of 4 January 1974. Maryland Rule 1012. The 30th day from 7 December 1973 was 6 January 1974, a Sunday, and, therefore, not to be included in the computation of the required time. Rule 8. Penney, however, presents only one question on the appeal:

> "Whether the trial court abused its discretion under Maryland Rule 625 a in refusing to reopen an unenrolled, *ex parte* judgment for damages, where the court concluded that because the earlier default judgment on liability had become enrolled it 'has no authority' to set aside the unenrolled award of damages." [2]

Penney does not directly attack the judgment for damages in its argument. Although it believes that the assessment was excessive, it recognizes that ordinarily excessive damages are not a matter for review by the appellate court. *Raines v. Boltes*, 258 Md. 325; *Carl M. Freeman Associates, Inc. v. Murray*, 18 Md. App. 419. It expressly declares in its brief that it does "not press that point." We, therefore, limit our consideration to the propriety of the denial by the court below on 4 January 1974 of the motion to set aside the judgments. See Rule 1046 f.

### III

The motion denied by the court below on 4 January 1974 was filed 12 December 1973. It was entitled "DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT". It moved "that the judgment by default entered in this cause on October 30, 1973, be set aside, and defendant permitted three (3) days within which to file a responsive pleading to the declaration" and "In the

---

2. The question is, in substance, the same as that presented by Harker: "Whether the trial court, under Maryland Rule 625 a, erred in refusing set aside an *ex parte* hearing on damages."

alternative, should the court, in its discretion, refuse to set aside the judgment by default of October 30, 1973, defendant requests that the default judgment in the amount of $15,000 [3] entered on December 7, 1973, be set aside, and the case rescheduled for hearing on damages."

Rule 625 a provides:

"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

### (i)

It is firmly settled that Rule 625 a applies to all final judgments including judgments by default for want of a plea. *Owl Club v. Gotham Hotels*, 270 Md. 94, 100-101; *Maggin v. Stevens*, 266 Md. 14, 16-19. But the revisory power of the trial court over the default judgment here expired at the lapse of 30 days from its entry on 30 October 1973, there being no suggestion of fraud, mistake or irregularity. We note that there was no obligation on the part of Harker to inform Penney of an intention to obtain a default judgment. See Rule 306 b; *Maggin v. Stevens, supra*, at 18.[4] We hold that in the circumstances Rule 625 a provided no basis to set aside the judgment by default.

---

3. The exact amount, as we have indicated, was $15,180.90.

4. Rule 611, as adopted effective 1 July 1974, however, provides:

"Upon the entry of judgment by default or decree *pro confesso*, pursuant to Rule 310 b, for failure to plead in response to original process, the clerk shall mail forthwith, notice thereof to the defendant at his address, if any, specified in the pleadings and shall note such fact on the docket or case file. If no address is specified and the address is otherwise unknown, this Rule shall not apply."

(ii)

A judgment fixing liability, but leaving to the future the assessment of damages, may be obtained by default, Rule 310, by summary judgment procedures, Rule 610, and upon a separate trial on the issue, Rule 501 a. See Rule 648 — "Inquisition — After Interlocutory or Default Judgment."

It once was that a judgment fixing liability was not final for appeal purposes if it was not extended. This is still the rule if such judgment is obtained under summary judgment procedures or upon a separate trial on the issue of liability. *Knight v. Tolson,* 10 Md. App. 311, and decisions of the Court of Appeals therein cited and quoted at 313-314. See *Burns v. Goynes,* 15 Md. App. 293, 304-306. But, for reasons not readily apparent, the rule has been changed with respect to such a judgment obtained by default. The Court of Appeals held in *Himes v. Day,* 254 Md. 197, 206, that a judgment by default is a final judgment as to liability and, as such, was appealable when entered with no necessity to be extended by the assessment of damages prior to taking an appeal. See *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475. In *Maggin v. Stevens, supra,* at 16, the Court of Appeals observed that *Himes* ". . . unequivocally answered any possible question on this point by concluding that such a judgment was appealable when entered and need not have been extended prior to taking an appeal." It pointed out, at 17, n. 2: "The holding of this case apparently overrules a number of earlier decisions which held that a judgment by default was not final for appeal purposes if it was not extended. See *Sharp v. Bates,* 102 Md. 344, 349, 62 A. 747 (1905); *Davidson v. Myers,* 24 Md. 538, 554-55 (1866); *Heffner v. Lynch,* 21 Md. 552 (1864); *Green v. Hamilton,* 16 Md. 317 (1860); 2 Poe, *Practice,* § 372 (Tiffany's ed. 1925)." [5]

---

**5.** *Maggin* and *Berwyn* were decided without need for reference to Rule 605, relating to the finality of a judgment which is entered on less than all claims, and includes less than all defendants. *Picking v. State Fin. Corp.* 257 Md. 554; *Frericks v. Baines,* 16 Md. App. 343. In *Himes,* however, Rule 605 was discussed. It seemed to hold, at 205, that where there are multiple claims against multiple parties arising out of one cause of action, a default judgment fixing liability as to less than all parties or less than all claims is

Although the default judgment here was immediately appealable, there was no timely appeal noted. The short of it is that the default judgment entered on 30 October 1973, as far as the parties here were concerned, became impregnable at the lapse of 30 days from its entry. Penney so conceded at the hearing on the motion to set aside the default judgment, its counsel stating with respect to the judgment of 30 October 1973: ". . . as to that one thirty days has gone by. We are out of luck." The default judgment fixing liability stands valid.

### (iii)

We turn to a consideration of the denial of the trial court of that part of the motion of 12 December 1973 going to the assessment of damages.

### (a)

Harker urges that the motion sought only to set aside the default judgment entered on 30 October 1973. We do not read it that way. We think that the alternative relief sought went to the judgment for damages entered 7 December 1973. And it is clear that the court below included the judgment for damages in its consideration of the motion and ruled thereon. The order as typed read that the motion was denied "Upon consideration of the defendant's Motion to Set Aside Default Judgment and plaintiff's Opposition thereto, and the court being apprised of all the circumstances . . . ." The court interlined after the word "Judgment" the phrase "or in the alternative to set aside the judgment for damages."

We conclude that the matter of setting aside the judgment for damages was before the trial court, was there tried and decided, and is properly before us on appeal.

---

not immediately appealable, but where the claims against the individual parties are independent and separate claims, such a judgment fixing liability as to one or more of the plaintiffs according to their responsive right to relief and against one or more of the defendants according to their respective liability is immediately appealable.

We gather from the cases decided by the Court of Appeals that with respect to a default judgment fixing liability as to all claims and all parties,

### (b)

It is obvious from the remarks of the trial judge at the hearing on the motion that he believed he had no power to set the judgment aside, and that he predicated his denial of the motion on that ground. That is, he refused to set aside the judgment, not in the sound exercise of judicial discretion, but because he thought he had no authority to do so. He said he was "in great sympathy with the lawyer who dropped the ball", but added: "You give me a case that precludes me from doing anything." He noted at one point that he did not know "whether I have got any [discretion] to exercise or not", and then observed: "If I give you a new trial on damages, it would be tantamount to a default judgment on the liability." When Penney's counsel said that he was not precluded by a default judgment from securing a new trial on damages, the judge replied: "That would practically be the same." The judge explained: "It seems to me if I granted you a new trial on the question of damages, . . . although if there is a default judgment on liability, you may come in and show that the proximate cause of the injury was not as a result of the accident." When counsel argued that the court had revisory power over the judgment for damages for a period of 30 days after its entry pursuant to Rule 625 a the judge disagreed in these words: "It [the Rule] does not say anything about damages. If I set it aside, I would be settling some new law. Do you have any precedents?" Counsel tried to explain that there were two judgments involved, the judgment fixing liability and the judgment assessing damages. As to the first, "We are out of luck", the revisory period of grace having expired. But as to the judgment for damages, he urged, the court had discretion to set it aside as within the 30 day period specified by Rule 625 a. The judge

the judgment is appealable when entered and need not be extended prior to filing an appeal, but such a judgment when obtained by summary judgment procedures or by separate trial is not appealable until judgment as to damages has been entered. Further a judgment fixing liability obtained by default is appealable when entered even though determining less than all claims or affecting less than all parties, where the claims against the multiple parties are independent and separate claims as distinguished from multiple claims against multiple parties arising out of one cause of action. We are unable to suggest a sound rationale for the distinctions.

was not convinced. He said: "The Court finds it is the view of the Court that it has no authority to set aside either the default judgment or money damages. Therefore, the motion is denied."

The trial judge was mistaken in two basic aspects. His fear that the question of Penney's liability could be raised again upon a rehearing of the inquisition was ill founded. The Court of Appeals firmly closed that door in *Millison v. Ades of Lexington*, 262 Md. 319. It held, at 328-329, that those who fail to plead within the required time and thus permit judgment by default on the issue of liability to be entered against them are foreclosed from contesting their liability when inquiry is made into the amount of damages. The holding stemmed from the finality of the default judgment. The Court said, at 328:

> "A judgment by default, while it may require extension by way of proof of damages, Rule 648, is still final in respect of the question of the liability of the party against whom it is obtained. *Himes v. Day*, 254 Md. 197, 206, 254 A. 2d 181 (1969); *Smith v. Dolan*, 170 Md. 654, 657, 185 A. 453 (1936); *Loney v. Bailey*, 43 Md. 10, 15 (1875); *Green v. Hamilton*, 16 Md. 317, 329 (1860); and 2 Poe, *Pleading and Practice* § 372 (5th ed. Tiffany 1925). 'Like every other judgment, it is conclusive of every fact necessary to uphold it. *Freeman on Judgments*, sec. 330 * * *.' *Heyward v. Sanner*, 86 Md. 19, 21, 37 A. 798 (1897). This Court cannot go behind the judgment by default to examine into and determine upon the validity of the cause of action upon which suit is instituted, *Stansbury v. Keady*, 29 Md. 361, 368 (1868), and any testimony offered to contradict liability is inadmissible, *Betz v. Welty*, 116 Md. 190, 195, 81 A. 382 (1911)."

See *Marine Midland Trust Co. v. State National Bank*, 268 Md. 503, 510-511. Quoting 2 Poe, *Pleading and Practice* § 369 (5th ed. Tiffany 1925) relative to inquisition, the Court

adopted the opinion hazarded by Mr. Poe on the question whether a defendant against whom a judgment by default has been declared in an action upon a written instrument will be permitted, upon the hearing of the inquisition, to offer evidence to show the invalidity of the instrument sued on. Poe observed that strictly and logically, such testimony would contradict the fact established by the judgment. He opined that ". . . it would be held inadmissible." 262 Md. at 328.

The trial judge was also mistaken in his belief that a judgment for damages was not within the contemplation of Rule 625 a. The Court of Appeals said in *Maggin v. Stevens, supra,* at 16, that the Rule is applicable to all final judgments. A judgment for damages assessed upon inquisition is a final judgment. The Court of Appeals in *Owl Club v. Gotham Hotels, supra,* made amply clear that such a judgment is within the ambit of the Rule. It had little doubt, in that case, that had a motion been filed to set aside the judgment for damages before the expiration of the 30 day period designated by the Rule ". . . the judgment would have been set aside and that the court would have ordered the inquisition to be tried de novo." 270 Md. at 101. The motion here was filed during the period of 30 days after the entry of the judgment, and, therefore, the trial judge had revisory power and control over it and could have set it aside in the sound exercise of its discretion. Penney was entitled to the exercise of the trial court's sound discretion as to whether the judgment for damages should be set aside and the inquisition tried de novo. We find that it did not receive that to which it was entitled.

IV

Such part of the order of 4 January 1974 denying the motion to set aside the default judgment entered 30 October 1973 is affirmed. Such part of said order denying the motion to set aside the judgment for damages entered 7 December 1973 is reversed. The cause is remanded for a hearing on the merits of the motion to enable the trial court to exercise its judicial discretion to determine whether the judgment for

damages should be set aside and the inquisition to assess damages reheard. Of course, the judgment entered 30 October 1973 fixing liability, stands in full force and effect.

> *As to the order of 4 January 1974: denial of the motion of 12 December 1973 with respect to the judgment entered 30 October 1973 affirmed; denial of the motion of 12 December 1973 with respect to the judgment entered 7 December 1973 reversed; case remanded for further proceedings in accordance with this opinion; each of appellant and appellee to pay 1/2 costs.*