EASTGATE ASSOCIATES ET AL. *v.* LEONARD
APPER ET UX.

[No. 495, September Term, 1976.]

*Decided January 3, 1977.*

The cause was argued before GILBERT, C. J., and MORTON
and MASON, JJ.

*John P. Corderman* for appellants and cross-appellees.

*Darrow Glaser* for appellees and cross-appellants.

GILBERT, C. J., delivered the opinion of the Court.

This appeal involves a new wrinkle in an old suit.

On January 13, 1972, Leonard Apper and his wife, Beverly
Apper, filed suit in the Circuit Court for Washington County
asseverating that Leonard Apper sustained personal injury
on or about February 11, 1969 as a result of the negligence of
Eastgate Associates and others.[1] Beverly Apper claimed loss
of consortium. Eastgate filed a third-party claim against
Harold L. Jones, trading as Jones' Wallpaper, Linoleum &
Tile Service.[2] Because a recitation of the facts of the

---

1. Also named as defendants were M. Elizabeth Ribar, C. Joseph
Molinaro, William H. Deck, David W. Moore, M. Max Leder, and Quality
Courts Motels, Inc., all collectively referred to herein as "Eastgate."

negligence action is not necessary to a discussion of the issue here involved, we shall delete reference to them. A full recitation of the factual background of the negligence claim may be found in *Apper v. Eastgate Associates*, 28 Md. App. 581, 347 A. 2d 389 (1975), *rev'd on jurisdictional grounds*, 276 Md. 698, 350 A. 2d 661 (1976).

On November 26, 1974, the case was called to trial before a jury in the circuit court, and, at the conclusion of the Appers' evidence, the trial judge granted a directed verdict in favor of Eastgate. The Appers noted an immediate appeal to this Court. We pointed out in *Apper v. Eastgate Associates*, 28 Md. App. at 585, 347 A. 2d at 392, that no judgment had been entered on the verdict, and, hence, there was nothing to appeal. In short, we observed that the appeal was premature. We then invoked Maryland Rule 1071 and discussed ". . . the facts and the applicable law in the light of the substantial merits of the case. . . ." We did so because we believed that we would thereby "save judicial time and unnecessary expense" and that "our action" would be "in the best interest of the administration of justice." In our discussion, we determined that the granting of a directed verdict was unwarranted because the doctrine of *res ipsa loquitur* was applicable to the case. Speaking through then Chief Judge Orth (now an Associate Judge of the Court of Appeals), we concluded the opinion by saying:

"We have, as we indicated, discussed the facts and the applicable law in the light of the substantial merits of the case even though the appeal is premature. We noted that we would fashion a result to give due recognition to those substantial merits. Although we must dismiss the appeal, we remand the case with direction that judgment be entered in favor of appellees for costs. For a period of thirty days after the entry of judgment, the trial court has revisory power and

---

2. Jones died while the litigation was pending, and his surviving widow, upon suggestion, was substituted in her capacity as personal representative as the third-party defendant.

control over it. Rule 625, § a. Upon a proper and timely motion, the trial judge should strike the judgment and order a new trial. We observe that the order entered by this Court and the opinion on which the order is passed shall be conclusive as to the points finally decided thereby." *Id.* at 595, 347 A. 2d at 397-98 (footnote omitted).

Eastgate sought and obtained a writ of certiorari to the Court of Appeals. While recognizing that both the Court of Appeals and this Court had "... previously utilized Rules 871 and 1071 respectively in issuing a mandate on the merits of a case where there was no appealable order and hence no jurisdiction in the appellate court ...", the Court of Appeals decided that we were without jurisdiction to opine upon the merits of the case. 276 Md. at 703-04, 350 A. 2d at 664-65. Our dismissal of the Appers' appeal was deemed to be correct, but our explication on the merits turned out to be a gratuitous utterance, devoid of substantive meaning. The case was remanded to us with explicit instructions that we vacate our mandate, which commanded the circuit court to conduct further proceedings in accordance therewith, and that we dismiss the appeal. On March 10, 1976, we complied fully with the mandate of the Court of Appeals. Seven days later, the trial judge entered judgment on the verdict of November 26, 1974.

The Appers then moved, pursuant to Md. Rule 625 a, to "Set Aside Judgment." Following a response thereto by Eastgate and argument of counsel, Judge Paul W. Ottinger, on April 7, 1976, granted the Appers' motion, struck the judgment entered on March 17, 1976, and ordered a new trial. Eastgate appealed, posing the question, "Did the trial Court err in setting aside the judgment previously entered in favor of the Appellants and granting the Appellees a new trial under Md. Rule 625 ... [?]"

The Appers reply that Eastgate may not appeal from the striking of a judgment and the granting of a new trial pursuant to Md. Rule 625 a, inasmuch as such an order is interlocutory and not appealable. We agree, for the reasons

stated *infra*, with the Appers that the matter is interlocutory and not appealable.

Md. Rule 625 a provides:

> "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

The motion to set aside the judgment entered on March 17, 1976 was granted on April 7, 1976 and, patently, is within the thirty-day period prescribed by the rule.

The Court of Appeals has held in a series of cases that when a motion to strike a judgment is made within the time prescribed by Md. Rule 625 a the granting of or refusal to grant the motion is within the sound discretion of the trial court. *Gay Investment Co. v. Angster*, 231 Md. 318, 321, 190 A. 2d 95, 96 (1963); *Williams v. Snyder*, 221 Md. 262, 267, 155 A. 2d 904, 907 (1959); *Tiller v. Elfenbein*, 205 Md. 14, 18, 106 A. 2d 42, 44 (1954); *Corbin v. Jones*, 199 Md. 527, 528-29, 86 A. 2d 911, 912 (1952); *Norris v. Ahles*, 115 Md. 62, 65, 80 A. 654, 655 (1911); *Laubheimer v. Johnson*, 98 Md. 685, 688, 57 A. 539, 540 (1904). *See also J.C. Penney Co. v. Harker*, 23 Md. App. 121, 128-30, 326 A. 2d 228, 233-34 (1974).

Judge Digges, writing for a unanimous Court with respect to Part III of *Davidson v. Miller*, 276 Md. 54, 85-86, 344 A. 2d 422, 440-41 (1975),[3] said, ". . . [W]e hold that ordinarily in a civil proceeding the trial court possesses the power to reconsider and correct any of its rulings . . . until a final judgment becomes enrolled. *McLaughlin v. Ogle*, 53 Md. 610 (1880) (today, under Maryland Rule 625, a judgment becomes enrolled thirty days after its entry). . . ."

The General Rules of Practice and Procedure, the

---

**3.** Chief Judge Murphy concurred in Parts I and III of Davidson v. Miller but dissented with respect to Part II, which ruled unconstitutional the then automatic removal of civil cases.

predecessor to the current Rules of Procedure, provided in Part Two, VI, Rule 1 as follows:

> "For a period of thirty (30) days after the entry of any judgment, order or decree, final in its nature, or thereafter pursuant to motion filed within such period, the Court shall have the same revisory power and control over such judgment, order or decree as it had during the term at which it was entered under the practice heretofore existing. After the expiration of such period the Court shall have the same revisory power and control over such judgment, order or decree as it had after the expiration of the term at which it was entered under the practice heretofore existing."

The rule was amended on July 12, 1965, effective September 1, 1965, to what is now known as Md. Rule 625 a. As we see it, Md. Rule 625 a is for all practical purposes the same in essence and effect as its forerunner.

During the life span of General Rules of Practice and Procedure, Part Two, VI, Rule 1, the Court of Appeals had the occasion in *Tiller v. Elfenbein, supra* at 18, 106 A. 2d at 44, to comment upon the appealability *vel non* of a trial court's striking of a judgment within the thirty-day period specified in the rule. The Court said, "Both before and after the adoption of this rule, we have held that the court's action on a timely motion to strike, before a judgment is enrolled, is discretionary and not appealable."

The net effect of granting a motion to strike a judgment and awarding a new trial is to restore the parties to their prior position as if no previous trial had been held. *Tiller v. Elfenbein, supra; Snyder v. Cearfoss,* 186 Md. 360, 367, 46 A. 2d 607, 610 (1946).

We think *Tiller* to be dispositive of the matter now before us. The striking of the judgment within the thirty-day period permitted by Md. Rule 625 a is an interlocutory order. It restored the parties to the same status they had before the case was tried. We repeat what was said for the Court of

Appeals by Judge Jones in *Laubheimer v. Johnson, supra* at 688, 57 A. at 540, that:

> "In making the motion to strike out the judgment . . . the appellees accompanied the same with reasons and grounds therefor which the Court, in the exercise of its discretion, must have deemed sufficient to justify its action. The facts of the case which have been recited show the appeal was taken from this exercise of discretion."

Accordingly, we hold that the appeal in the instant case does not lie and must be dismissed as we are without jurisdiction to entertain it. *Eastgate Associates v. Apper,* 276 Md. 698, 350 A. 2d 661 (1976).

It follows that we do not consider the appellees' cross-appeal on the merits.

*Appeal dismissed.*
*Costs to be paid by appellants.*