## LYNCH v. R. E. TULL & SONS, INC.

[No. 375, September Term, 1967.]

*Decided November 6, 1968.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Charles W. Bell,* with whom were *John T. Bell* and *Bell & Bell* on the brief, for appellant.

*George W. Shadoan,* with whom were *Shadoan & Mack* and *Raymond W. Russell* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Maryland Rule 417 d provides that "if, after proper service of interrogatories upon a party, he fails to serve answers to

them within the time allowed [by Rule 417 b], the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or any part thereof, or enter a judgment by default or decree *pro confesso* against that party." This Court has held that upon failure of a party to answer interrogatories, under Rules 417 and 422 c, the court in the exercise of a sound discretion may punish the offending party by dismissing his action with prejudice or by entering judgment by default against him, and that this final and conclusive barring of the prosecution of his claim or assertion of his defense does not deny the offender due process of law. *Baltimore Transit v. Mezzanotti,* 227 Md. 8, 20-21; *Guerriero v. Friendly Finance,* 230 Md. 217; *Miller v. Talbott,* 239 Md. 382; *Peck v. Toronto,* 246 Md. 268, *cert. den.* 389 U. S. 868; *Pfeiffer v. State Farm Mut. Auto Ins. Co.,* 247 Md. 56. There have been suggestions that this ultimate sanction usually will be invoked only where the failure is wilful or contumacious, *Peck, supra, Smith v. Potomac Electric,* 236 Md. 51, 62, and *Miller, supra,* but the power of the court to act is not thus limited and there may be other occasions when this gravest sanction can properly be invoked.

The case before us started with the filing by Lynch in December 1965 of a declaration against Tull claiming damages for breach of a plumbing contract. Tull filed a counterclaim in May 1966, and on April 13, 1967, directed nine interrogatories to Lynch. Not having received an answer to the interrogatories, Tull, on September 15, 1967, moved for judgment by default under Rule 417 d. On September 18, three days later, Lynch answered the interrogatories and on September 21, 1967, filed an "Opposition to Motion for Judgment by Default." On October 6 next, a hearing was held before Judge Shure who granted Tull a judgment for costs in Lynch's suit against him and a judgment by default in Tull's counterclaim against Lynch. No transcript was made of the hearing on October 6 and we do not have the advantage of knowing the precise reasons Judge Shure had for his action. However, Judge Shure, in denying Lynch's motion to reconsider the granting of the judgments by default, indicated that he had fully articulated his reasons at the

hearing on October 6. He said that Tull's counsel "had earned his motion to dismiss" and told Lynch's counsel:

> "I think you were dilatory and I think that the abuse was so flagrant that I had to grant the motion. I think that what I said at that time would apply today. * * * if you are a few days late, it is one thing but if you let motions go by for the reasons which were very apparent to me that he wanted these answered quickly and you did not do it, dictated to me that I had to grant the motion."

Appellant has not provided us with the most pertinent means of reviewing Judge Shure's exercise of discretion, that is, a transcript of the first hearing on the propriety of granting judgments by default. The burden was upon Lynch to put before this Court every part of the proceedings below which were material to a decision in his favor. He omitted to provide a very material part. That which is before us does not permit us to find an abuse of discretion in Judge Shure's actions. The reasons for Lynch's failure to answer the interrogatories, which Judge Shure said were apparent to him as constituting a "flagrant abuse" could well have been a deliberate, if not wilful, attempt to hinder or prevent effective presentation of Tull's defenses and counterclaims, or to stall in revealing his own weak claim or defense. There is little if anything in the record to indicate to the contrary as to either rationale.

*Judgments affirmed, with costs.*