CLIFTON R. TYDINGS *v.* ALLIED PAINTING &
DECORATING CO. ET AL.

[No. 212, September Term, 1971.]

*Decided November 19, 1971.*

The cause was argued before MURPHY, C. J., and ORTH
and POWERS, JJ.

*Martin E. Gerel,* with whom were *Leonard J. Ralston,
Jr., Thomas F. Santer* and *Ashcraft & Gerel* on the brief,
for appellant.

*Ronald A. Baradel,* with whom were *Hartman & Crain* on the brief, for appellees.

POWERS, J., delivered the opinion of the Court.

This appeal by Clifton Richard Tydings, appellant here, comes from the Circuit Court for Anne Arundel County, and was taken from an order entered by Judge W. Harvey Beardmore on May 4, 1971, denying a motion to rescind an order to dismiss.

The case began in the circuit court with the filing on October 14, 1970, by Allied Painting & Decorating Co., Employer, and Liberty Mutual Insurance Company, Insurer, appellees here, of an Order for Appeal and a Petition of Appeal from an order of the Workmen's Compensation Commission awarding compensation to Tydings on his claim that he sustained an accidental injury in the course of his employment. In this appeal, we are not called upon to deal with the merits of the claim or with any aspect of the Workmen's Compensation law, but with the procedural course of the case in the Circuit Court for Anne Arundel County. It will be necessary to recite the procedural steps in detail.

Interrogatories directed to appellant were filed by appellees on November 16, 1970. It appears that the case was scheduled for trial on February 17, 1971. On February 16th appellees filed a motion for postponement, agreed to by appellant, and the case was continued to the March term, and set for trial on April 15th.

No answers to the interrogatories had been filed at that time. Appellant says in his brief that he "was unable to prepare the answers to these interrogatories as he was undergoing medical tests which required hospitalization." We were told at argument that appellant entered the hospital late in February. The record contains no explanation of why the answers had not been filed between mid-November and late February. Counsel for appellees wrote counsel for appellant on February 2, 1971, "a friendly reminder that you have not answered

Interrogatories". On February 24th, counsel for appellees wrote counsel for appellant:

"Trial in the above case has been scheduled for April 15, 1971, and it is highly unlikely that any postponement will be granted.

I shall expect by return mail the long overdue answers to our interrogatories. Failing to receive them in time to prepare for the case, I shall be obliged to move under the Maryland Rules for appropriate relief."

On March 23, 1971, appellees filed a motion to dismiss for failure to answer interrogatories. Opposition to that motion was filed by appellant on March 29th. In it he stated that answers would be delivered by April 2, 1971. By letter dated March 31st addressed to the clerk, with a copy to appellant's counsel, appellees' counsel wrote that receipt of answers on April 2nd would be insufficient to permit adequate preparation for trial on April 15th, and asked that the clerk "ask the court to promptly decide my motion to dismiss".

Judge Beardmore wrote a "Memo to file", 4/5/71:

"I telephoned Mr. Gerel. Not in, so spoke to his secretary, Lorraine Mitchell, who said that answers (by copy—not original) sent out already. Told her they'd have to be in opposing counsel's hands by 10 tomorrow morning, or action would be taken on Motion to Dismiss."

At 1:00 P.M. on April 6th, 1971, Judge Beardmore signed an order "that the decision of the Workmen's Compensation Commission be reversed and that claimant's claim be disallowed." A copy was mailed the same day to appellant's counsel. The record shows that at 11:03 A.M. on April 7, 1971, the clerk filed appellant's answers to interrogatories, which contained a certification that they were subscribed and sworn to before a notary public of Anne Arundel County, Maryland, on March 29, 1971. Anomalously, there was appended to

the answers a certificate of service, signed by appellant's counsel, certifying that a copy was mailed "this 26th day of March, 1971, to Richard W. Carrel, Esquire, 1400 Standard Oil Building, Baltimore, Maryland, 21202, Attorney for Employer and Insurer."

No appeal was noted to Judge Beardmore's order of April 6, 1971. Appellant, on April 12, 1971, filed a motion to rescind the order to dismiss, asserting:

> "In haste to comply with the commitment contained in the Opposition to the Motion to Dismiss, to wit: that the answers to interrogatories will be delivered to the Employer and Insurer by April 6, (sic—should be 2) 1971, the original of the answers was mailed to Richard W. Carrell, attorney for the appellant (please see attached copy of letter from Mr. Carrell). By further inadvertence, no copy was sent to co-counsel nor to the Court."

No request for a hearing on the motion to rescind was filed. See Maryland Rule 1210 c. 1. An answer to the motion to rescind was filed by appellees on April 23, 1971. On May 4, 1971, without a hearing, Judge Beardmore signed and filed an order denying the motion. An appeal from the May 4, 1971 order was filed on June 1, 1971.

A large measure of discretion is entrusted to trial judges in Maryland in applying sanctions for failure to comply with the rules relating to discovery. The Court of Appeals said in *Lynch v. R. E. Tull & Sons, Inc.*, 251 Md. 260, 247 A. 2d 286:

> "This Court has held that upon failure of a party to answer interrogatories, under Rules 417 and 422 c, the court in the exercise of a sound discretion may punish the offending party by dismissing his action with prejudice or by entering judgment by default against him, and that this final and conclusive barring of the

prosecution of his claim or assertion of his defense does not deny the offender due process of law. *Baltimore Transit v. Mezzanotti,* 227 Md. 8, 20-21; *Guerriero v. Friendly Finance,* 230 Md. 217; *Miller v. Talbott,* 239 Md. 382; *Peck v. Toronto,* 246 Md. 268, *cert. den.* 389 U. S. 868; *Pfeiffer v. State Farm Mut. Auto Ins. Co.,* 247 Md. 56. There have been suggestions that this ultimate sanction usually will be invoked only where the failure is wilful or contumacious, *Peck, supra, Smith v. Potomac Electric,* 236 Md. 51, 62, and *Miller, supra,* but the power of the court to act is not thus limited and there may be other occasions when this gravest sanction can properly be invoked."

Were we considering Judge Beardmore's exercise of discretion in entering the dismissal order of April 6, 1971, we would find it difficult to say that his discretion was abused. However, that order is not before us. We are dealing only with his subsequent denial of a motion to rescind that order.

For the scope of our present review, we look to the opinions of the Court of Appeals in the recently decided cases of *S. & G. Realty v. Woodmoor Realty,* 255 Md. 684, 259 A. 2d 281, *Baker v. County Commissioners,* 255 Md. 490, 258 A. 2d 399, and *New Freedom Corp. v. Brown,* 260 Md. 383, 272 A. 2d 401, and the cases there cited and discussed, particularly *Lancaster v. Gardiner,* 225 Md. 260, 170 A. 2d 181. In *New Freedom Corp. v. Brown, supra,* that Court said, at page 386:

"An appeal from a denial of a motion to strike or rescind a judgment does not serve as an appeal from that judgment and the question presented is whether or not the hearing judge abused his discretion. *McCann v. McGinnis,* 257 Md. 499, 512-513, and cases cited such as *S & G Realty v. Woodmoor Realty,* 255 Md. 684, 692-693. We consider the facts and the law

solely to review the validity of the conclusion he reached on the point."

We find nothing in the case which indicates that Judge Beardmore abused his discretion in denying the motion to rescind the order to dismiss.

*Order affirmed.*
*Appellant to pay costs.*