DAVID KIPNESS, ETC. *v.* ROBERT E. McMANUS, Administrator of the Estate of John Kletter

[No. 415, September Term, 1971.]

*Decided February 7, 1972.*

The cause was argued before MURPHY, C. J., and ORTH and MOYLAN, JJ.

*Edward P. Murphy,* with whom were *Matthew Swerdloff* and *Swerdloff, Rabineau & Murphy* on the brief, for appellant.

*Louis G. Close, Jr.,* with whom were *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

This case was determined below in the Superior Court of Baltimore City by the application of a sanction set out in Maryland Rule 422 in accordance with the authority given in Rule 414 a 2 for the wilful failure of DAVID KIPNESS, plaintiff-appellant, to submit to the right of ROBERT C. McMANUS, Administrator of the Estate of John Kletter, defendant-appellee, to take his deposition as provided by Rule 401 a and governed by Rules 403-415, inclusive, as prescribed by Rule 401 c. On appeal it is MARYLAND INDEMNITY INSURANCE COMPANY (Indemnity), use-plaintiff below, which claims that it was aggrieved by the action of the lower court contending, that the court abused the authority granted under Rule 422 and denied it due process of law.

Rule 414 provides sanctions for violations of the Rules relating to depositions. Section a thereof deals with penalties against the deponent and subsection 2 of § a reads:

"If any party or any officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition after being served with the proper notice or summons where required, or refuses to answer any desig-

nated questions after an order of court to do so, the court in which the action is pending may make any of the orders authorized by Rule 422 (Failure to Comply with Orders for Discovery)." [1]

The orders authorized by Rule 422 include, under § b, "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents or things or items of testimony * * *," and under § c "[a]n order * * * dismissing the action or any part thereof, or rendering a judgment by default or decree *pro confesso* against the disobedient party." See *Evans v. Howard,* 256 Md. 155, 160.

On 28 December 1966 Kipness, to his own use and to the use of Indemnity,[2] filed a tort action in the Superior Court of Baltimore City against John Kletter for $100,-000 in damages for personal injuries resulting from an accident between an automobile operated by Kipness and an automobile operated by Kletter. On 23 May 1967 upon suggestion of death, Robert E. McManus, Administrator of the Estate of John Kletter was ordered to be made a party defendant in place of Kletter. McManus pleaded the general issue and limitations. There followed diverse procedural maneuvers by the parties until 12 August 1970. On that date McManus filed notice to take the deposition on oral examination of Kipness on 28 August.

---

1. The failure to appear must be wilful. Compare Rule 417 d providing sanctions for failure to serve answers to interrogatories properly served. Under Rule 417 d the power of the court to invoke the ultimate sanction of dismissal of the action with prejudice or entering a judgment by default against the offending party is not limited to instances where the failure is wilful or contumacious. *Lynch v. R. E. Tull & Sons, Inc.,* 251 Md. 260, 261. And see *Smith v. Potomac Electric Power Company,* 236 Md. 51, 62 concerning the application of Rule 422 to the failure to comply with Rule U 12 b (discovery in condemnation proceedings).

2. The declaration alleged that the nominal plaintiff was employed in the course and scope of his regular employment with Diamond Cab Company at the time he was injured and as the employer carried Workmen's Compensation Insurance with Indemnity, Indemnity was joined as "subrogor" in respect to certain benefits paid Kipness.

On 17 September he filed notice to take such deposition on 25 September. On 12 November he filed notice to take such deposition on 25 November. On 2 December he moved for judgment non pros. The motion alleged that counsel for McManus had scheduled the deposition of Kipness to be taken on 28 August, 25 September and 25 November, that notice was duly given, that a court stenographer was present and ready to proceed in each instance, that on each occasion Kipness declined or refused to attend the deposition and that counsel for Kipness had been advised that an appropriate motion would be filed if Kipness failed to appear for the last scheduled deposition. The court passed an order on 2 December that Kipness show cause on or before 17 December why judgment of non pros should not be entered against him provided a copy of the motion and order be served upon Kipness or his counsel of record on or before 7 December. Kipness did not answer the order but Indemnity did. Its answer, filed 16 December, admitted that Kipness had repeatedly failed to appear for the scheduled deposition and asserted that it, the use plaintiff, should not be prejudiced by Kipness' failure to cooperate, that it had made every effort to obtain the cooperation of Kipness and that to preclude its right of recovery because of Kipness' failure to cooperate would amount to a denial of due process. It prayed the motion for judgment non pros be denied. As set out in a memorandum letter filed on 15 January 1971, the court granted the motion for judgment of non pros "as to the individual plaintiff, David Kipness, unless he appears for his deposition on or before February 1, 1971. The case will remain open as to the use plaintiff, Maryland Indemnity, but should be set for trial promptly to ascertain whether it can prove a case without its principal." The memorandum continued:

"The record reveals that the individual plaintiff has repeatedly failed to appear for his deposition pursuant to notices sent to his counsel.

He is therefore subject to having the action dismissed under Maryland Rules 414 and 422.

"It would be unfair, however, to dismiss the suit as to the equitable plaintiff which would be liable for costs, at least, if the proceeding were dismissed as to both plaintiffs. However, Kipness should not be permitted to testify if there is a trial in the action involving the interest of Maryland Indemnity."

Thereafter the docket entries reflect that on 3 August 1971 Indemnity filed interrogatories to McManus, and a request for admission of facts and on 11 August a request for pre-trial conference. On 18 August McManus answered the interrogatories and the request for admission of facts with affidavit. On 23 August Indemnity filed a pre-trial request, moving that the ruling of 15 January 1971 prohibiting the testimony of Kipness at the trial of the case be stricken. The request was denied by the court the same day. We give an aperçu of proceedings before the court on 23 August as appears in a transcript of them. The transcript begins with proceedings in the judge's chambers. Counsel for Indemnity stated that for "the past thirty-five or forty minutes," counsel and the court had been discussing the pretrial motion to strike the ruling of 15 January 1971 by Prendergast, J. limiting the testimony of Kipness. He requested that the motion be ruled on prior to impaneling a jury. It was stipulated that Kipness did not appear and have his deposition taken on or before 1 February 1971. Counsel for Indemnity represented that Kipness, although he had never been deposed, "is in fact available and can appear before a jury and testify today." Counsel for McManus added "that with regard to his deposition being taken on or before February 1, 1971, that I stated to counsel for Mr. Kipness and to counsel for Maryland Indemnity that I would be able to take his deposition at any time prior to that date." The court affirmed "the ruling of Judge Prendergast, that Mr. Kipness, when called

to testify before the jury, will not be permitted to so testify." Following a discussion off the record, counsel for Indemnity submitted "that without the testimony of the individual, David Kipness, we would not be able to prove the allegation of negligence related to the happening of the accident sufficient to get this case to the jury on the issue of liability, and that we have no records which we believe would be admissible into evidence which would support a contention of negligence and responsibility on behalf of the defendant." It was agreed that the jury would be impaneled, that it would be stipulated that the above statement by Indemnity's counsel would be considered to be the opening statement to the jury and that at the conclusion of that statement McManus' counsel would move for a directed verdict on behalf of McManus. The jury was duly impaneled and the agreed procedure was followed in open court. The court granted the motion for a directed verdict in favor of McManus.[3] Judgment nisi was entered in favor of McManus for costs. Rule 564 b 1. On 26 August final judgment was entered. Rule 567 e. The next day an appeal was noted.

Indemnity agrees that "[i]t cannot be argued that the court improperly exercised its authority in granting the motion against Mr. Kipness, in his individual capacity * * *."[4] But, it urges, Kipness should have been permitted to testify on behalf of the use plaintiff. It suggests that "once Mr. Kipness determined, whether correctly or incorrectly, that any individual recovery was doomed, he ceased to be a party and became a witness," albeit "one that was less than cooperative."[5] It asserts

---

3. By Rule 552 a objection on behalf of the adverse party to such motion shall be entered as of course.

4. By so agreeing Indemnity implicitly concedes that Kipness "wilfully" failed to appear before the officer who was to take his deposition after being served with the proper notice.

5. The motivation for Kipness' conduct appears in a letter in the record before us dated 16 February 1968 from Kipness' then counsel to Myer E. Grossfeld, Esq. concerning answers to interrogatories. Counsel for Kipness said: "My memory is refreshed to the extent, that because there is a minimal policy limiting recovery and the fact that we have already gotten $5488.00 and that the permanent partial in this matter will probably eat up the

he was available on 23 August 1971 and "could have been deposed with the trial rescheduled."

We first observe that on 23 August 1971 when Kipness at last made himself available the suggestion was not made to the trial court that the trial be rescheduled [6] so that he could then be deposed. It was represented only that he was available to testify before the jury. The point not having been tried and decided below, it will not enter into our consideration of the matter before us. Rule 1085. We next note that Kipness was a party to the action by the declaration filed and remained so of record despite any loss of interest in the outcome. Thus the deposition rules as they pertained to a party were applicable to him. We point out further that it was certified as to each of the three notices to take the deposition of Kipness that a copy had been sent to Indemnity's attorney as well as Kipness' attorney. It is patent that Indemnity had knowledge of the motion for judgment non pros and the show cause order issued thereon because it answered the motion. In addition, counsel for McManus made clear to the court that he had stated to both counsel for Indemnity and Kipness that he would be able to take the deposition at any time within the period of the show cause order. And the memorandum letter of 15 January 1971 setting out the rulings of the court showed that it was sent to counsel for Indemnity as well as counsel for Kipness and McManus. Indemnity does not claim that it did not have actual knowledge at all times of the conduct of Kipness and the record affirmatively shows that it did have such knowledge. The answer to Indemnity's

balance of $10,000.00, my clients do not seem to have any real interest in any verdict against Kletter." And on 17 August 1970 Kipness' counsel wrote counsel for McManus: "For sometime now I have had the impression that your client's policy in respect to the above matter is a minimum policy. Because of this and the fact that the compensation payments to Mr. Kipness have exceeded minimum coverage, I have took the position that my client and I have no interest in the Third Party case. I would like to confirm one way or the other my impression so that I can, if need be, put this file to rest once and for all." On 13 November 1970 he wrote Kipness that, as Kipness knew, he no longer represented Kipness in the matter.

6. The case had then been on the docket almost 5 years.

threnody is simply that, as far as the record discloses, it sat idly by watching McManus futilely attempting to depose Kipness and became concerned only when hurt by the penalty imposed for violation of McManus' rights. Indemnity could have protected itself under the Rules. It could have secured its position, as it recognizes in its brief, by resort "to the court to have Mr. Kipness picked up for his failure to respond to various summonses." [7] If as it suggests, it was reluctant to do so because of emotional problems allegedly besetting Kipness, it could have requested the court by a motion reasonably made to order that the deposition not be taken, which the court could have done for good cause shown. Rule 406 a (1). But it did nothing. The remedy McManus chose to pursue for his difficulties was authorized by the Rules. Rule 422 b authorizes the court to refuse to allow the disobedient party to support designated claims or to prohibit him from introducing into evidence items of testimony. In the facts and circumstances here existent we do not think that the lower court abused its discretion either in the ruling of 15 January 1971 or in the affirmance of that ruling on 23 August 1971. And we believe that the application of Rule 422 to Kipness did not, by the result which followed, deny Indemnity due process of law. In so concluding we apply the rationale under which the Court of Appeals found that there is no denial of due process of law when the lower court in the exercise of a sound discretion dismisses an action with prejudice or enters a judgment by default against a party who fails to answer interrogatories. *Lynch v. R. E. Tull & Sons, Inc.,* 251 Md. 260, 261; *Balto. Transit v. Mezzanotti,* 227 Md. 8, 21. See Rule 417 d.

Because of our determination of the appeal we have no need to consider McManus' point that "the judgment non pros entered against the individual plaintiff should

7. "If a party or other witness refuses to be sworn or refuses to answer any question after being directed to do so by a court within whose jurisdiction the deposition is being taken, the refusal may be considered a contempt of that court, and punished accordingly." Rule 414 a 1.

also have been entered against the equitable plaintiff." If he is correct, Indemnity may have gotten more than that to which it was entitled by giving it the opportunity to prove its case without the testimony of Kipness, but, as it turned out, McManus was not harmed thereby.

*Judgment affirmed; appellant to pay costs.*