## MARTIN RUBIN *v.* IRVING GRAY ET AL.

[No. 778, September Term, 1976.]

*Decided March 17, 1977.*

The cause was argued before MORTON, DAVIDSON and LOWE, JJ.

*Paul T. Stein,* with whom were *Helfand & Stein, P.A.* and *Barry Taff* and *Silver & Freedman* on the brief, for appellant.

*Howard G. Goldberg,* with whom were *Smith, Somerville & Case* on the brief, for appellees.

Lowe, J., delivered the opinion of the Court.

When a party plaintiff failed to answer defendants' interrogatories for nearly 13 months after they were filed, during which time he: ignored repeated written requests to do so; violated agreements to comply within extended deadlines; failed, upon order of court, to show cause why judgment non prosequitur should not be entered; and, after dismissal, was unable to convince the court to reconsider, we can find no abuse of the trial judge's discretion in that denial. Our decision is reenforced by the failure of the appellant to have yet filed the answers, as revealed by the record. The authority to impose this "gravest of sanctions" found in Md. Rule 422 b. and c. 1. is not limited to wilful or contemptuous failures to answer, but may be imposed for a deliberate attempt to hinder or prevent effective presentation of defenses or counterclaims, or for stalling in revealing one's own weak claim or defense. See *Lynch v. R. E. Tull & Sons, Inc.*, 251 Md. 260, 261-262.

The facts and circumstances indicate that several courteous attempts by appellees to obtain the answers were ignored. When sanctions were threatened by appellees, compliance was promised on prescribed dates. Those promises were broken and further requests for answers were also ignored. Before dismissing the suit, the court provided appellant an opportunity to justify or excuse the failure to comply (which in itself decries an abuse of discretion, see *Miller v. Talbott*, 239 Md. 382), but appellant was unable to do so. The judge then entered a judgment non prosequitur from which appellant did not appeal. He chose instead to move the court to reconsider [1] and, upon hearing before a different judge, was again denied relief.

Our review of the record reveals a justifiable exercise of discretion under Rule 422 by virtue of the time and circumstances in this case. Indeed, appellant's own

---

1. We will treat the motion to reconsider as a motion to strike the final judgment under Md. Rule 625 a the ruling on which is in the nature of a final judgment and therefore appealable. First Federated Com. Tr. v. Comm'r, 272 Md. 329.

argument at the hearing on the motion to reconsider justified the dismissal. Trial counsel for appellant (who does not represent him upon appeal here) admitted that appellant's failure to answer was a deliberate tactical "stall":

> "Your Honor, if anyone is the blame in this case, it is me. And I would like to tell you why. During this period, including the specific period in which Mr. Goldberg did make demands upon me to prepare and submit answers to interrogatories, he was aware that Doctor Rubin was out of the country. But, of course, he is representing a client and this matter was dragging on.
>
> Now, the original — *When settlement negotiations came to a point whereby I felt that it would be of no further benefit to stall the proceedings, I notified Mr. Goldberg in November that I don't believe we are going to be able to settle this case now, and although Doctor Rubin would still be out of the country for an extended period of time, I will prepare a format answers to interrogatories.*" (Emphasis added).

The case most heavily relied upon by appellant, *Lynch, supra,* clearly indicates that a failure to respond to interrogatories as a deliberate stall is a sufficiently flagrant abuse to justify dismissal. We agree.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*