## WILLIAM E. WEAVER *v.* REALTY GROWTH INVESTORS

[No. 214, September Term, 1977.]

*Decided November 14, 1977.*

The cause was argued before THOMPSON, MELVIN and WILNER, JJ.

*Ira C. Wolpert,* with whom were *Ronald M. Hirschel, Sheldon B. Kamins* and *Deckelbaum, Wolpert & Ogens* on the brief, for appellant.

*David F. Albright* and *Alan N. Gamse,* with whom were *Robert B. Haldeman* and *Semmes, Bowen & Semmes* on the brief, for appellee.

WILNER, J., delivered the opinion of the Court.

We are asked here to consider whether the Circuit Court for Worcester County abused its discretion in refusing to set aside what appellant claims was a "judgment by default" entered against him. He also asks whether that court further abused its discretion by refusing to allow him to "engage in discovery" before ruling on his motion to set aside the judgment. We do not believe that the court's discretion was abused in either instance, and therefore affirm the judgment.

The case arises from the following circumstances. On July 20, 1976, Realty Growth Investors, appellee, sued appellant, Robert S. Bounds, James B. Caine, and Harbor Mile Limited Partnership Number One Bayside (Harbor Mile). It alleged that appellant, Bounds, and Caine were the sole general partners of Harbor Mile; that Harbor Mile had made a promissory note for $1,500,000 payable in ten annual installments of $150,000 each, with interest at 6% per annum; that appellee had purchased the note; and that $418,908 was then due and owing. Thus, it asked for judgment in that amount against each of the defendants — the partnership and its three general partners.

Filed with the Declaration was appellee's motion for summary judgment. The motion was supported by a copy of the note, which was attached as an exhibit to the Declaration, and an affidavit of F. L. Wilson, Jr. The affidavit was in proper form, on personal knowledge, and attested both to the gross indebtedness under the note and to the claim that $418,908, plus per diem interest, was then due and owing on it. The note was signed by the three individual defendants as "General Partners" named in the Limited Partnership.

The docket entries reveal, and appellant does not dispute, that on July 28, 1976, he was duly served with a copy of the Declaration, Writ, note, motion, and affidavit.

The defendant Caine filed an answer to the Declaration and the motion in which he admitted the indebtedness but

contested the amount alleged to be then due and owing. Appellant did not file a responsive pleading. On September 3, 1976, appellee filed, and served on appellant, a Notice stating:

> "Take notice that unless you make your defense to the Motions for Summary Judgment served upon you, and filed in these proceedings, within the time allowed by law a rule of civil judgment will be answered against you. If you assert a defense, the motion may be heard by the Court any time after the 23rd day of September, 1976, in accordance with Maryland Rule 610."

Appellant made no response; and, on October 26, 1976, the court granted appellee's motion for summary judgment, and entered judgment against appellant in the amount of $400,217.41.[1]

On November 26, 1976, appellant filed a motion to set aside the judgment. In support of the motion, he filed an affidavit in which he alleged that (1) he was only a "nominal general partner", (2) he took no active part in the operations of the partnership, (3) he became a general partner only because of his availability to sign partnership papers, and (4) after being served by the sheriff, he was advised by his partner, Bounds, "not to be concerned" because officers of the plaintiff (appellee) were also investors in the venture and "would see to it our interests were not jeopardized." The affidavit states that the affiant was competent to testify, but does not state that he had personal knowledge of the substantive facts alleged in the affidavit.

On December 13, 1976, appellee filed a lengthy answer to this motion, supported by a number of counter-affidavits. Eight days later, December 21, the clerk notified all parties that a hearing would be held on appellant's motion on February 24, 1977. Two days before the hearing, appellant filed an affidavit of Herbert A. Callihan, Jr., an attorney,

---

1. The discrepancy between the amount claimed and the amount of the judgment apparently arises from the calculation of interest. The amount of the judgment is not in dispute.

raising questions about the dealings between Robert Bounds and others and the partnership. The next day, appellee responded with a motion ne recipiatur addressed to this new affidavit.

At the hearing on February 24, the court denied both appellee's motion ne recipitaur and appellant's motion to set aside the judgment. The judge stated that he had read the entire file, and was acting essentially on the following bases:

(1) Appellant was clearly a general partner, and therefore liable for the partnership debt. He is presumed to have known what that status entailed when he agreed to accept it, and is now bound by this act. *Cromwell v. Sharon Bldg. Assoc.*, 220 Md. 317 (1959).

(2) There was nothing in appellant's motion or affidavit to show a meritorious defense against appellee. "There is no statement that he has paid [the note]. There is no statement that it isn't due and owing. There is no statement that the amount is wrong."

(3) The claims made by appellant with respect to the activities of his partners and others may support an action against them, or a complaint to one or more regulatory agencies, but had nothing to do with his obligation on the note.

After the court had announced its decision and the reasons for it, appellant's counsel asked the court to hold the ruling in abeyance in order to permit appellant to "take discovery". He did not indicate what type of discovery he wanted. The court rejected the request, stating that from what the court had read and heard, "there is no way for you to discover anything that would create a meritorious defense against the holder of the note."

With this background, we may now consider appellant's allegations of abuse of discretion.

Maryland Rule 625 provides that "for a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment." After 30

days, the judgment becomes enrolled, and the court's revisory power is limited to cases of fraud, mistake, or irregularity.

The judgment in question here was entered on October 26, 1976. Appellant's motion to set it aside was filed November 26, 1976, which was *31* days after entry of the judgment. However, as the thirtieth day, November 25, was Thanksgiving, a legal holiday, by virtue of Maryland Rule 8 b. the motion is considered to have been filed within the thirty day period and thus subject to the court's broad revisory power.

The applicable standard in this situation was set forth in *Clarke Baridon v. Union Co.*, 218 Md. 480, 483 (1958), as follows:

> "After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment — that is, whether the court entertained a reasonable doubt that justice had not been done."

The "reasonable indication of a meritorious defense" must come, if at all, from the two affidavits filed in support of appellant's motion, since no other evidence of such a defense was produced; and we must therefore focus upon these affidavits — both their form and their content — in determining whether the court abused its discretion.

The revisory power granted by Rule 625 over unenrolled judgments is to be liberally exercised, "lest technicality triumph over justice." *Hamilton v. Hamilton*, 242 Md. 240 (1966), *cert. den.* 385 U. S. 924 (1966). But the Rule is not designed to place a defaulting party in a better position after the entry of judgment than he was prior

to it. We do not construe the Rule, or the standard enunciated in *Clarke Baridon,* to mean that evidence which, if presented prior to judgment, would have been insufficient to defeat the claim, will suffice to require that the judgment be vacated if presented within thirty days after the judgment is entered. If, then, under the applicable law and rules of court, the affidavits in question would have been inadequate to prevent the entry of the judgment, they are inadequate to justify setting it aside. We can best determine whether justice had been done in this case by placing appellant in the same position as he would have been in had the affidavits been filed before October 26, 1976.

The posture then was the pendency of appellee's motion for summary judgment, and the requirements of Maryland Rule 610 become not only relevant, but determinative.

Maryland Rule 610 a. requires that where a motion for summary judgment is filed with the Declaration, as was appellee's, it be supported by affidavit. That Rule further provides that, where a motion is required to be supported by affidavit and the opposing party desires to controvert a statement in it, he must file an affidavit or deposition in support of his answer. His failure to do so constitutes an admission, for purposes of the motion, of all statements of facts in the affidavit of the moving party. Rule 610 b. provides that both supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

It is clear from its face that appellant's affidavit does not satisfy the requirements of Rule 610 b. Not only does it fail to aver in a positive fashion that appellant had personal knowledge of the statements contained in it, but it actually states that, as to some of its material allegations, he was without knowledge, or was acting only upon "belief". Thus, on that basis alone, the affidavit would have been legally defective, and therefore insufficient to defeat summary

judgment. *Phelps v. Herro*, 215 Md. 223 (1957); *Mercier v. O'Neill Associates, Inc.*, 249 Md. 286 (1968).

Appellant is not helped, in this regard, by the subsequent affidavit of Mr. Callihan. It does not controvert any of the facts alleged in the affidavits filed by appellee and raises no genuine dispute of material fact relevant to appellant's liability, as a general partner, to appellee. Neither does it aver facts that would support a counterclaim or a defense of set-off. It deals entirely with collateral matters. Moreover, though it recites that it is made upon "personal knowledge of the facts herein stated," it is clear, from their very wording, that many of the substantive allegations, upon which appellant's claim appears to be based, are made upon supposition and hearsay, rather than personal knowledge.

It is clear, then, that had these two affidavits and the allegations contained in appellant's motion to set aside the judgment been before the court prior to October 26, 1976, they would have been insufficient to defeat appellee's motion for summary judgment. They stand in no better position at this point. We therefore conclude that the court did not abuse its discretion in denying the motion to set aside the judgment. *Clarke Baridon v. Union Co., supra; Hill v. Lewis*, 21 Md. App. 121 (1974), *cert. denied* 272 Md. 742 (1974); *Brewer v. Mele*, 267 Md. 437 (1972). *Compare Ryan v. Johnson*, 220 Md. 70 (1959); *J. B. Corporation v. Fowler*, 258 Md. 432 (1970).

Appellant's second contention — that the court abused its discretion by failing to afford him the opportunity for discovery prior to ruling on the motion to set aside the judgment — is equally without merit. For one thing, it is based upon an entirely erroneous premise. As noted above, the record shows quite clearly that the request for discovery was not made until *after* the court had ruled on the primary motion. Moreover, appellant gave no indication of what type of discovery he had in mind or how, in any specific way, it might lead to a meritorious defense. Counsel said only, "if we were able to take discovery, and if we were able to prove an allegation, for instance, of fraud, that Your Honor's ruling would be different." We find no abuse of discretion in

the court's declining to suspend its ruling on appellant's motion based upon that request made at that point in the proceeding.

*Judgment affirmed; appellant to pay the costs.*