492 A.2d 338

**Jacob B. BERKSON**

v.

**John D. BERRYMAN.**

**No. 1088, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 13, 1985.

Nelson M. Oneglia, Greenbelt (Horowitz, Oneglia, Goldstein, Foran & Parker, P.A., Greenbelt, on brief), for appellant.

Russell C. Dashiell, Jr., Salisbury (Long, Hughes, Bahen, Duvall and Dashiell, Salisbury, on brief), for appellee.

Argued before WEANT, GETTY and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

On this appeal we are required to determine whether the Circuit Court for Washington County abused its discretion when it denied a Motion to Vacate Default Judgment filed by appellant, Jacob B. Berkson. A second issue was presented following the submission of briefs when John D. Berryman, appellee, filed a motion to strike Berkson's reply brief. For the reasons to be set forth hereinafter, we will strike Berkson's reply brief and, because we find no abuse of discretion, affirm the trial court's judgment.

The events giving rise to this appeal began when Berryman filed suit against Berkson, his former wife, Susan

Carol Elgin (formerly Susan E. Berryman), (Elgin), Berkson's former law partner [1] and Berkson and Berryman, a Maryland partnership. At issue was Berryman's entitlement to damages in connection with services allegedly rendered by him to Berkson, Elgin and the partnership as a medical consultant/expert in connection with a medical malpractice case. Discovery against Berkson was initiated on September 30, 1983 when Berryman filed Plaintiff's Request for Production and Copying of Documents. That request encompassed the following:

1. All documents, including without limitation, time records, time sheets, diaries, notes, memoranda, medical records, letters, correspondence, reports, bills, statements and invoices, audio and video tapes, films, transcriptions and pleadings, prepared, composed, used, reviewed or issued by Plaintiff, John D. Berryman or any person or entity acting on his behalf in connection with services performed by Plaintiff with regard to the medical malpractice case of Matthew Cool as further referenced in the Declaration filed in this matter.

2. All documents, including without limitation, time records, time sheets, diaries, notes, memoranda, medical records, letters, correspondence, reports, bills, statements and invoices, audio and video tapes, films, transcriptions and pleadings, prepared by medical experts consulted by Dr. John D. Berryman with regard to the case of Matthew Cool and all attendant proceedings.

Berkson's response, filed on November 2, 1983, included a Motion for Protective Order and resisted discovery of the documents on the grounds that they were privileged and their production would breach the attorney/client relationship. He further asserted that "defendant does not know of any documents, etc. prepared, composed, used, reviewed, or issued by plaintiff in said case." Hearing was scheduled

---

1. We recently considered and decided a separate and independent action brought by Elgin against Berkson. *Berkson v. Berryman,* 62 Md.App. 79, 488 A.2d 504 (1985).

on the motion for protective order for January 20, 1984. Prior to that date, however, a Motion to Compel Production was filed by Berryman, on December 29, 1983.

Following the hearing on January 20, 1984, the trial court granted Berryman's motion for production of documents. Its decision was incorporated into an order dated January 23, 1984, which order expressly excluded from its coverage privileged documents or communications and required that discovery be made not later than fifteen days from the date of the order. Armed with that order, Berryman's attorney and Berkson's attorney met in Berkson's attorney's office on January 31, 1984 at which time some discovery was effected.

Not being satisfied with the extent of that discovery, Berryman filed on February 6, 1984 a Motion for Imposition of Sanctions, to which Berkson responded on February 20, 1984. Subsequently, on May 10, 1984, following correspondence with Berkson's attorney relative to discovery, Berryman filed a Motion for Default Judgment. In that motion, Berryman set forth the various categories of documents to which his original motion for production was directed. Berkson's response was filed on May 25, 1984, just prior to the hearing.

On January 6, 1984, the assignment clerk forwarded to counsel for Berkson and Berryman notices of the April 2, 1984 trial date. Thereafter, on February 8, 1984, citing the raging discovery controversy and specifically his motion for imposition of sanctions, Berryman filed a motion to continue the trial date, which motion was denied by the Administrative Judge who specifically noted that hearing on the motion for imposition of sanctions was scheduled for March 2, 1984. The March 2 hearing was continued at the request of Berkson filed on February 24, 1984. Subsequently, therefore, Berryman filed a second request for continuance, again citing the discovery controversy and Berkson's continuance of the March 2 hearing. This request was granted by the Administrative Judge on March 7, 1984. His order

rescheduled the trial date to July 11, 1984, prohibited further continuances except for extraordinary cause and set May 25, 1984 as the date on which pending motions would be heard.

At the May 25, 1984 hearing two witnesses, Linda Susan Rohrer, a former secretary of the law firm of Berkson and Berryman, and Elgin, testified as to the existence of the documents sought by Berryman. At the conclusion of the hearing, following extensive argument by counsel, the trial court granted Berryman's motion for default judgment and awarded counsel fees. That ruling was incorporated into an Order dated June 4, 1984.

The trial court found that the documents sought by Berryman did exist and that they had not been produced or the failure to produce them had not been satisfactorily explained. Of particular importance in this regard were tapes and transcripts of sessions between Berkson, Elgin and Berryman in which Berryman instructed Berkson and Elgin with respect to the medical aspects of the Matthew Cool case. As to these tapes and transcripts, the court said:

> Then the next couple items are the tapes of these transcripts of a day long session and that seems to go right to the heart of that case. Clearly they exist and Mr. Oneglia was led to believe that they did not exist because the exhibit that has been introduced in evidence, the paragraph in his letter, says as much and this court certainly accepts the fact that he in good faith reported in that letter [2] the information that he had received from his client. Those things are relevant and not superficial in any sense of the word in the litigation that's to be tried in July, and they have not been produced and there has been no explanation as to why they have not been produced.

---

2. In a letter dated February 29, 1984, Mr. Oneglia, Berkson's attorney, wrote to Mr. Dashiell, Berryman's attorney,:
   > With respect to the alleged transcripts of medical malpractice instruction by plaintiff to defendant, my client denies the existence of any such transcripts and they are not in the files that we have examined.

The trial court expressed concern about Berkson's non-compliance with its order and with the prejudice which such non-compliance had on Berryman's pending litigation:

Here there has been a serious breach of this court order. There has been a serious handicap that the plaintiff has experienced and continues to experience, and we are right down now to within weeks of the trial date.

Berkson moved to vacate the default judgment on July 5, 1984. In his motion, he alleged that the sanction imposed was too harsh under the circumstances and that he had a meritorious defense, i.e., a release given by Berryman to Elgin as a part of their divorce settlement. At the conclusion of the hearing on the motion to vacate, held on July 11, 1984, the trial court found that Berkson did not have a meritorious defense and that the default judgment was an appropriate sanction. It, therefore, refused to vacate the judgment.

### *Reply Brief*

In his initial brief, Berkson raised one issue, whether the trial court abused its discretion in granting the default judgment and in later denying his motion to vacate that judgment. He presented two arguments: he had a meritorious defense to the action and the sanction imposed was too harsh. In his reply brief, Berkson sought to argue additional issues, specifically, estoppel, equitable estoppel, judicial misconduct, and breach of a fiduciary's duty to disclose. None of these issues were raised in the initial brief.

■ We confronted this issue in *Federal Land Bank of Baltimore, Inc. v. Escham,* 43 Md.App. 446, 406 A.2d 928 (1979). We there held that an appellant's reply brief must be limited to the points and issues raised in appellee's brief. We pointed out that all issues and points which appellant wished to raise on appeal had to be presented and argued in his initial brief. Failure to do so warrants the granting of a motion to strike not only the reply brief but the arguments

made therein as well. Therefore, we will strike the reply brief and we will not consider the arguments contained therein. *Id., Jacober v. High Hill Realty, Inc.,* 22 Md.App. 115, 321 A.2d 838 (1974). *See Langworthy v. State,* 284 Md. 588, 399 A.2d 578 (1979).

## Default Judgment [3]

We note from the outset that Berkson's motion to vacate default judgment was timely filed. Although it was filed on the thirty-first day after the entry of the judgment, the thirtieth day was a legal holiday. Maryland Rule 1–203(a), former Maryland Rule 8a, *Weaver v. Realty Growth Investors,* 38 Md.App. 78, 379 A.2d 193 (1977).

Berkson urges that we find that the trial court abused its discretion when it imposed the ultimate sanction for his violation of the trial court's discovery order when there were less stringent sanctions available. Contending that the "real dispute centered on Mr. Berkson's failure to produce two transcripts of sessions where Dr. Berryman allegedly instructed Miss Elgin and Mr. Berkson regarding the standard of care and other medical matters", he suggests that the appropriate remedy "would have been to take the fact of the existence of the transcriptions as established ... and to let the jury decide the issue of liability". Berryman responds by arguing that Berkson's failure to comply with the discovery order imposed "a serious handicap" on his ability to prepare his case and therefore "warranted the imposition of this 'gravest of sanctions.' "

A judgment by default may be entered, under certain circumstances, for a failure of discovery. Md.Rule 2–433(a)(3). That sanction, among others, is also available in

---

3. A judgment by default is a final judgment as to liability and is appealable when entered. *J.C. Penney Co., Inc. v. Harker,* 23 Md.App. 121, 326 A.2d 228 (1974). See also *Maggin v. Stevens,* 266 Md. 14, 291 A.2d 440 (1972), *Calvert Fire Ins. Co. v. Reick,* 39 Md.App. 620, 387 A.2d 789 (1978).

the case of a party who does not comply with an order compelling discovery.  Md.Rule 2–433(b).

■ The decision whether to grant a motion for default judgment for failure to comply with discovery is within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of an abuse of discretion. *Klein v. Weiss*, 284 Md. 36, 395 A.2d 126 (1978); *Lynch v. R.E. Tull & Sons, Inc.*, 251 Md. 260, 247 A.2d 286 (1968); *Williams v. Williams*, 32 Md.App. 685, 363 A.2d 598 (1976); *Womble v. Miller*, 25 Md.App. 656, 336 A.2d 138 (1975); *Tydings v. Allied Painting & Dec. Co.*, 13 Md.App. 433, 283 A.2d 635 (1971).

In *Lynch v. R.E. Tull & Sons, Inc., supra,* where a default judgment was entered for failure of a litigant to answer interrogatories, the Court of Appeals, in affirming the judgment of the trial court, said:

> There have been suggestions that this ultimate sanction usually will be invoked only where the failure is wilful or contumacious, . . . but the power of the court to act is not thus limited and there may be other occasions when this gravest sanction can properly be invoked.  (Citations omitted)

*Id.* [251 Md.] at 261, 247 A.2d 286.  There, the trial court's reasons for granting the motion were not clearly set forth in the record.  Declining to find an abuse of the trial court's discretion in the absence of a transcript of the hearing, the court speculated: "the reasons for Lynch's failure to answer the interrogatories . . . could well have been a deliberate, if not wilful, attempt to hinder or prevent effective presentation of Tull's defenses and counterclaims, or to stall in revealing his own weak claim or defense".  *Id.* at page 262, 247 A.2d 286.

Similarly in *Tydings v. Allied Painting & Dec. Co., supra,* we found no abuse of discretion when the trial court dismissed a workmen's compensation appeal for failure of the appellant to answer interrogatories and denied appellant's request for reconsideration of that order where coun-

sel for appellee advised appellant that it was necessary to have the interrogatories in time for a scheduled trial date which would not likely be postponed.

To like effect is *Rubin v. Gray,* 35 Md.App. 399, 370 A.2d 600 (1977), in which we found that the trial court's dismissal of appellant's action for failure to answer interrogatories for nearly thirteen months after they were filed, was not an abuse of discretion. Noting that the answers had not been filed as of the date of the appeal, we relied upon *Lynch v. R.E. Tull & Sons, Inc., supra* for the proposition that it is an appropriate sanction to dismiss an action for "a deliberate attempt to hinder or to prevent effective preparation of defenses or counter-claims or for stalling in revealing one's own weak claim or defense." *Rubin, supra* at 400, 370 A.2d 600. As in the case *sub judice,* the trial court provided appellant an opportunity to justify or excuse the failure to comply prior to dismissing the action.

On July 11, 1984, the trial court ruled:

The basis on which I entered the default judgment against Jacob Berkson was what I viewed then, and view now, as a flagrant violation of the discovery rules. I went over the testimony then in great detail and argument and, suffice it to say, the court was satisfied that the, then, and I am satisfied now, that the matters which were sought to be discovered were not collateral or insignificant but went right to the heart of the litigation and that Dr. Berryman would be severely handicapped, and will be severely handicapped, by being required to go to trial without the benefit of that discovery.

There was testimony under oath that these various things existed. We focused in the discussion today a great deal on these transcripts of the lengthy consultation sessions involving the medical malpractice aspects of that Cool case where Dr. Berryman spent several hours .... [the] [a]ttorneys have the right not just the litigants, the attorneys have the right to see the things which will form the basis for the jury's verdict and to evaluate them and to argue them and to research and prepare a case for

trial, and there is no way that can be done in this case because of what I view as a flagrant violation of the discovery rules and a flagrant violation of an order of court by Mr. Berkson....

  .  .  .  .  .

It may be that there are justifiable reasons why the discovery did not take place. There may be unjustifiable reasons, but at this point it appears to me that discovery did not take place because of the unilateral decision and actions of Mr. Berkson in defiance of the motion, in defiance of the court order and I do not find, I recognize how extreme the sanction was that I rendered on June 4, I recognize today, and I told Mr. Oneglia in argument and I told Mr. Dashiell in argument, my preference would be to vacate the judgment if anyone could suggest to me an alternative which I think would strike some sort of a balance or fairness in the litigation which is going to take place. No one has been able to suggest that to me and I haven't been able to figure out myself an alternative sanction which would do other than just so severely handicap Dr. Berryman in litigating his claim that it would be, in my judgment, the grossest unfairness, and it's for those reasons and those I stated on June 4, why I am entering the extreme sanction that I am, or that I have, and it's for those reasons that today I am going to deny the motion to vacate the default judgment which I entered on June 4.

■ A review of the transcripts of the two hearings indicates that there is ample support for the decision of the trial court. It was based on the conduct of the appellant and the effect of that conduct on the litigation then pending, and, in particular, the closeness of the trial date. We perceive no abuse of discretion.

■ A trial court may exercise revisory power and control over its judgment pursuant to motion of a party filed within 30 days after the entry of that judgment. Maryland Rule 2–535(a). It is an abuse of discretion for the trial court to

refuse to set aside a default judgment where the moving party has shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment. *Abrams v. Gay Investment Co.,* 253 Md. 121, 251 A.2d 876 (1969); *Clarke Baridon, Inc. v. Union Asbestos & Rubber Co.,* 218 Md. 480, 147 A.2d 221 (1958); *Kaplan v. Bach,* 36 Md.App. 152, 373 A.2d 71 (1977).

■ Appellant contends that he presented at the hearing on July 11, 1984 a reasonable indication of a meritorious defense. He argues that Berryman's release in favor of Elgin, contained in the divorce settlement and incorporated into the decree, was a general release which also released Berkson.

The property settlement agreement between Elgin and Berryman provides in pertinent part:

Wife is an attorney licensed to practice law in the State of Maryland. Wife is currently a Plaintiff in Equity No. 34, 618, Susan Carol Elgin v. Jacob B. Berkson, which is an action of wife's for an accounting of partnership profits she is claiming during the period she was a partner in the firm, Berkson and Berryman. During that partnership husband provided his services and assistance on a medical malpractice case, Cool v. Stapleford, et al., which is the case comprising the majority of the amount of the wife's claim in Equity No. 34, 618. Husband has brought an action in law for payment for these services against the partnership, Berkson and Berryman, and the partners, Jacob B. Berkson and Susan Elgin Berryman (now Susan Carol Elgin), individually, currently number 13,253 Law Docket 21 in the Circuit Court for Washington County, Maryland.

Simultaneously with the execution of this agreement husband agrees to forever release wife from any claim or interest he had or may have in Snyder and Elgin, P.A., Grice Building Property, Wife's recovery in any action for partnership income from Berkson and Berryman, and any

income Wife may derive at anytime from the practice of law. Husband will also release Wife from claim or payment, individually, for any judgment he may receive in his action No. 13,253 Law Docket 21 in the Circuit Court for Washington County, or any other action he may bring for payment of his services rendered in the "Cool" case. It is understood that even if Husband would obtain a judgment against the partnership Berkson and Berryman, and/or each partner jointly and severally, he will not seek payment individually from Wife. The aforegoing forever releases all interest Husband may have by virtue of being married to Wife and/or as a medical expert providing services and/or using Wife's services for litigation, with the exception of the Orphans' Court matter hereinafter cited.

Berkson, relying upon *Roe v. Citizens National Bank*, 32 Md.App. 1, 358 A.2d 267 (1976), argues that the provision just cited constitutes a general release and thus operates to release him from liability as well.

The trial court heard argument on this issue and, after reviewing *Roe v. Citizens National Bank, supra,* ruled that the release in this case was not a "general release". It thus found that the defense raised was not a meritorious one.

In *Roe,* at page 5, 358 A.2d 267, we said:

Although, under the common law, the release of one joint debtor was a release of all, modern courts have generally honored an intention to the contrary clearly expressed in the release instrument. In order to reach that common sense result, courts have treated a qualified release of fewer than all joint obligors as a covenant by the creditor not to sue rather than as a release.

Reviewing the relevant portion of the property settlement agreement, it is clear that the intent of the parties was that Berryman would not seek to collect any judgment from Elgin individually, but would pursue any remedies that he might have against Berkson and the partnership. There-

fore, it cannot be said that there was not a clear expression in the release document itself of an intent to pursue all available remedies except as against Elgin. We agree with the trial court that the release does not represent a meritorious defense.

The second prong of the test is whether there are equitable circumstances which would merit vacation of the default judgment. The court found no such equitable circumstances to exist. Neither do we.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

GETTY, Judge.

Respectfully, I disagree. The effect of the default judgment is to establish Dr. Berryman's right to recover, from either Berkson individually or from the now defunct partnership of Berkson and Berryman, whatever amount of damages may be proved to the satisfaction of a court or jury. In my judgment, the case should go forward without any predetermination as to liability.

I have no quarrel with the trial court's conclusion that full discovery did not take place despite Berkson's assertion that much of the documentation requested was either missing from the file or did not exist. I note that item (k) in Berryman's request is for the production of his time sheets allegedly submitted to Berkson. In his response, Berkson disputes the existence of such records since, he claims, Berryman agreed to provide his services without charge. Mrs. Berryman testified that she maintained her personal time sheets that included interviews involving her husband and others, but concluded that "Dr. Berryman never kept any time records on this case." Whether the trial court concluded that time sheets were actually in existence is unclear. The court clearly believed that certain depositions and tapes were improperly withheld.

My disagreement with the majority herein is in entering judgment in a case where the defendant alleges an agree-

ment that the professional services were to be without charge because one partner was the wife of the medical expert, followed by a dissolution of the partnership and a lawsuit between the partners for an accounting. Thereafter, according to Berkson, Berryman demanded a contingent fee for his expert testimony, threatened to destroy the Cool case and/or take it away from Berkson. These allegations are set forth in Berkson's Opposition to Motion for Default Judgment. Whether the ultimate trier of fact accepts or rejects, in whole or in part, these allegations is debatable; but the liability of Berkson to Berryman, in my judgment, should result from a trial on the merits and not by default judgment.

Maryland Rule 2–432(a) provides for sanctions against a party for failures of discovery or failure to comply with orders compelling discovery. Included in the Rule is the authority to file:

(1) An order that the matters sought to be discovered, or any other designated facts shall be taken to be established for the purpose of the action in accordance with the claim of the party obtaining the order;

(2) An order refusing to allow the failing party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

In addition to his own testimony as to damages, Berryman can produce the testimony of the former partner, Mrs. Berryman, and the partnership's secretary. With or without transcripts, Berryman is going to be required to establish liability and damages. On the unusual facts of this case, I think the ultimate sanction of a default judgment establishing liability was an abuse of discretion.

The trial court, I would hold, should have opted for a less severe, although costly, sanction and should have granted the timely motion to vacate based upon the defense of a release executed by Berryman to Mrs. Berryman in their divorce case. A failure to do so may result in form prevailing over substance.