**FLEET MORTGAGE CORP.**

v.

**John G. COBB.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 17, 1992.

Decided July 30, 1992.

Michael S. Haenn, Bangor, for plaintiff.

James F. Cloutier, Cloutier, Barrett, Cloutier & Conley, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

John G. Cobb appeals a default judgment entered in the District Court (Portland, *MacNichol, J.*) in favor of Fleet Mortgage Corp. Because we conclude that the default judgment is not directly reviewable, we dismiss the appeal.

Cobb and his wife, Gudrun Cobb,[1] executed a mortgage deed and a promissory note to Fleet Mortgage Corp. in 1985. Six years later they defaulted on their payments, and in August 1991 Fleet commenced an action seeking to foreclose the mortgage. When the Cobbs failed to answer or serve responsive pleadings, Fleet moved for the entry of a default and a default judgment pursuant to M.R.Civ.P. 55. The clerk entered the default, and in November 1991 the court entered a default judgment. The Cobbs did not move for relief from either the default or the default judgment pursuant to M.R.Civ.P. 55(c) or 60(b). Instead, John Cobb filed a notice of appeal and argues that the court erred in granting a default judgment because Fleet failed to comply with the requirement of

---

1. Gudrun Cobb, a co-defendant in this action, also had a default judgment entered against her but did not appeal.

M.R.Civ.P. 55(b)(3) that the negotiable instrument be filed with the clerk.

Before addressing the issue raised on appeal, we must first decide whether a party may directly appeal a default judgment without first seeking post-judgment relief pursuant to either Rule 55(c) or 60(b). The Missouri Supreme Court, in holding that no direct appeal would lie in these circumstances, stated that:

> the very theory and constitution of a Court of appellate jurisdiction ... is the correction of errors which a Court below may have committed; and a Court below cannot be said to have committed an error when their judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned, by the acquiescence or default of the party who raised it.

*Vonsmith v. Vonsmith,* 666 S.W.2d 424, 424 (Mo.1984) (citation omitted).

Although we have not previously had occasion to address the precise issue presented in the instant case, our reasoning in *Porges v. Reid,* 423 A.2d 542 (Me.1980), is congruent with that expressed by the *Vonsmith* court. We review a decision denying a motion made pursuant to either Rule 55(c) or 60(b) for an abuse of discretion. *See Cutillo v. Gerstel,* 477 A.2d 750, 752 (Me.1984); *Porges,* 423 A.2d at 544. In *Porges* we explained that, because we extend "considerable deference" to such decisions, based on the court's "familiarity with the case and [its] superior position to evaluate the credibility and good faith of the parties," a party's failure to make an appropriate post-judgment motion afforded us no basis on which to review the court's discretion and thus precluded our consideration of any related issues on appeal. *Porges,* 423 A.2d at 544 & n. 3. Thus, despite a split of authority in the various states, *compare Imor v. Imor,* 114 A.D.2d 552, 494 N.Y.S.2d 167, 168 (N.Y.App.Div. 1985), *and Chatman v. Civic Center Corp.,* 682 S.W.2d 31, 32 (Mo.App.1984), *with Berkson v. Berryman,* 63 Md.App. 134, 492 A.2d 338, 342, *cert. denied,* 304 Md. 296, 498 A.2d 1183 (1985), *and Surrette v. B & M Bldg. Supply,* 441 So.2d 551 (Miss.1983), we are persuaded by the reasoning in *Vonsmith* and *Porges* that the appropriate procedure "is to move to vacate the judgment and, if necessary, appeal from the denial of such motion." *Imor,* 494 N.Y.S.2d at 168. *Cf. Laurel Bank & Trust Co. v. Burns,* 398 A.2d 41, 44 (Me. 1979) (party must assert all grounds for relief when making a Rule 60(b) motion or risk loss of the unasserted grounds).

Our refusal to exercise appellate jurisdiction on direct appeal in these circumstances rests on prudential or procedural concerns rather than jurisdictional limitations. Thus, while no appeal will lie, as a general proposition we will exercise our appellate jurisdiction to address obvious errors, whether of law or fact. *See Vonsmith,* 666 S.W.2d at 425–26 (Blackmar, J., concurring in part and dissenting in part). Cobb's argument, however, that the court erred in entering judgment by default because Fleet failed to comply with the requirements of Rule 55(b)(3), even assuming it to be error, does not rise to the level of obvious error.

The entry is:

Appeal dismissed.

All concurring.